MINNEAPOLIS GAS LIGHT COMPANY v. CITY OF MINNEAPOLIS AND OTHERS.[1]

June 28, 1918.

No. 20,934.

**Judgment entered by consent of parties binding.**

A judgment entered by consent of the parties thereto, fixing the rate to be charged for gas for a definite period ending November 1, 1918, and

[1]Reported in 168 N. W. 588.

until again fixed under and pursuant to an ordinance, is final and bind-
ing upon the parties.

After the former appeal reported in 123 Minn. 231, 143 N. W. 728,
plaintiff moved for an order opening but not vacating the judgment
entered in the action on April 8, 1914, and permitting defendant to sub-
mit evidence in support of the allegation of the petition that the rate of
77 cents per thousand cubic feet, fixed by said judgment, under the facts
and conditions set out in the petition, was unjust, unfair, oppressive and
inequitable and did not afford plaintiff any return on its capital invest-
ment as defined in section 5 of the Ordinance of February 23, 1910, and
that the rate should be reviewed and corrected, and obtained an order re-
quiring defendants to show cause why the motion should not be granted.
Defendant city answered the petition and the motion was heard and de-
nied by Molyneaux, J. From the order denying the motion, plaintiff ap-
pealed. Affirmed.

*Cobb, Wheelwright & Dille* and *Lancaster, Simpson & Purdy,* for ap-
pellant.

*C. D. Gould, William H. Morse* and *R. S. Wiggin,* for respondent
city of Minneapolis.

*George B. Leonard* and *M. Rose,* for respondent Van Lear, as mayor.

QUINN, J.

Appeal from an order denying plaintiff's motion to open but not va-
cate the judgment entered herein on April 8, 1914, fixing the rates
charged for gas by the appellant under the contract embraced in an or-
dinance of the city of Minneapolis, dated February 23, 1910, sections 3
and 5 of which are in part as follows:

"Section 3.  * * * That at any time after the expiration of three years
from and after the first day of the month succeeding the acceptance by
the company of this ordinance, and at any time thereafter, but not often-
er than once in five years, the city council may, or if requested in writ-
ing by the company so to do, shall, by ordinance, fix and determine the
rates to be charged by the company both to the city and to private con-
sumers therein; which rates shall in each instance be so fixed and de-
termined, subject to the provisions of section 5 hereof, and independent

of whether or not the laws now or hereafter in force give to the city council the right, power or authority to so fix and determine the same. The company shall thereupon comply with such ordinance as to rates, subject only to the provisions of said section 5, and furnish gas at rates not to exceed those so fixed until the same shall be again fixed and determined as herein provided. * * *"

"Section 5. * * * That the rates and prices which shall be fixed and determined by the city council under and pursuant to the provisions of section 3 of this ordinance, and the price for the use of the lamps and other apparatus and appliances and the service to be rendered and performed by the company pursuant to the last preceding section, shall always be just and reasonable, and shall not be so fixed as to fail to afford a fair and reasonable return upon the company's capital investment, nor until the company shall be given a hearing or an opportunity therefor before the city council or a committee thereof as to the reasonableness of the same; and the reasonableness of all such rates and prices shall always be subject to review and correction in any action or proceeding which shall be instituted therefor by the company in any court having jurisdiction of the subject matter. * * *"

On July 29, 1913, the city council passed an ordinance fixing the price of gas to be charged private consumers at 70 cents per thousand cubic feet and to the city at 65 cents, beginning September 1, 1913. The gas company instituted proceedings to have the ordinance adjudged confiscatory. After an adverse ruling by this court (123 Minn. 231, 143 N. W. 728), the gas company effected a compromise with the city whereby a judgment was entered on April 8, 1914, by agreement of the parties, correcting and modifying the price to private consumers fixed in the ordinance so that the same should not exceed 80 cents per thousand cubic feet for and during the period of 21 months beginning April 1, 1914, and ending December 31, 1915; and for the next ensuing period of 34 months ending November 1, 1918, and until again fixed under and pursuant to the ordinance, said price not to exceed 77 cents per thousand cubic feet. It was further recited in said judgment, based upon agreement of the parties:

"That the intent of this decision is to settle and adjust in accordance with said expressed consent the rate and price to be charged and collected

for gas sold and delivered by plaintiff, or by its successors or assigns, if any, to private consumers of gas in said city for and during said five-year period beginning November 1, 1913, and thereafter until again fixed as aforesaid."

The judgment further provided that the gas company might reduce the illuminating standard of its gas from 18 candle power, as prescribed by ordinance, to 15 candle power, providing such reduction could be made and maintained without lowering the heating value of such gas below the existing ordinance requirement.

The motion to open the judgment is based upon the contention that the entry of our country into the great war has resulted in an unforeseen enormous increase in the price of all raw materials used in the manufacture and distribution of gas, and that the present rate is not fair or reasonable and not sufficient to afford a fair return upon the capital invested; that under the ordinance the prices to be charged are always subject to review and correction, and that justice requires that the judgment be opened and the court receive further proofs and so correct the rates as to make and afford a fair and reasonable return upon the capital invested. The rate agreed upon by the parties and at their instance inserted in the judgment, fixes the rate for the period ending November 1, 1918, and until again fixed under and pursuant to the ordinance. The ordinance requires this to be done by the city council. The ordinance, as well as the mutual agreement of the parties as to the rate to be charged until November 1, 1918, is merged in the judgment and becomes final and binding upon both parties alike.

The case is no different from what it would have been had the parties entered into the agreement of settlement by duplicate copies retained by each, and the attorneys of the respective parties had then advised the court that a settlement had been effected, and in consequence thereof the action would not be further pressed upon the attention of the court. The rate thus agreed upon would constitute a valid contract which the court could not set aside merely because subsequent conditions made the terms thereof burdensome to one of the parties. The fact that the agreement was reported to the court and by it incorporated in the judgment, does not change the situation, nor the rights of the parties. The judgment is not based upon findings

of fact nor upon an adjudication of the rights of the parties by the court, but merely gives expression to the contract made by them.

Affirmed.