578 P.2d 1018

Dominick SCAFIDI and Rosemarie Scafidi, husband and wife, Appellants and Cross-Appellees,

v.

James L. PUCKETT and Dolores Puckett, husband and wife, Appellees and Cross-Appellants.

No. 2 CA–CIV 2711.

Court of Appeals of Arizona, Division 2.

March 2, 1978.

Rehearings Denied April 5, 1978.

Reviews Denied May 2, 1978.

Aron & Fioramonti by John A. Fioramonti, Tucson, for appellants and cross-appellees.

King & Frisch by James Frisch and Peter C. Seagle, Tucson, for appellees and cross-appellants.

OPINION

RICHMOND, Chief Judge.

This appeal from a summary judgment turns on the interpretation of the words

"subject to" in an agreement for the sale of real estate.

Appellees (the Pucketts) as seller and appellants (the Scafidis) as buyer entered into a written agreement for the sale of the Pucketts' residence in Cook County, Illinois. The contract provided for a purchase price of $50,000, with earnest money of $2,000, which was to be held by the buyer's attorney, and a closing date of July 13, 1976, "or sooner, by agreement." The parties used a printed form of agreement, with the pertinent terms filled in by typewriter. Above the signature lines was inserted the following typewritten provision:

"THIS CONTRACT IS SUBJECT TO SELLERS PURCHASING PURCHASER'S 'LITTLE SICILY RESTAURANT' IN TUCSON, ARIZONA FOR $130,-000.00 AND $8,000.00 EARNEST MONEY. THIS DEAL TO BE CLOSED BY JULY 13, 1976."

The agreement was dated June 11, 1976. The Scafidis deposited $2,000 with their attorney as earnest money, and the Pucketts paid $8,000 to the Scafidis. During the following week the Pucketts came to Tucson and inspected the restaurant and various business records regarding its operation. Thereafter and before the closing date, they informed the Scafidis that they were not going to purchase the restaurant and had placed their Illinois residence back on the market. They demanded the return of the $8,000, and ultimately filed suit for that amount when the Scafidis refused to return it. Both parties moved for summary judgment. The trial court granted the Pucketts' motion and entered judgment in their favor for $8,000. The Scafidis have appealed, and the Pucketts have perfected a cross-appeal from the trial court's failure to award them attorney's fees.

■ Construction of a contract is a question for the court when its terms are plain and unambiguous on its face. *Shattuck v. Precision-Toyota, Inc.*, 115 Ariz. 586, 566 P.2d 1332 (1977). Whether or not summary judgment in favor of the Pucketts was proper depends on whether or not the typewritten provision in the contract created an obligation to purchase the Little Sicily Restaurant.

■ The term "subject to" has a variety of definitions depending upon the subject matter. A purchaser who buys real property subject to a mortgage pays the consideration required by the seller and takes the land subject to the encumbrances without a personal obligation to pay the mortgage. *Del Rio Land, Inc. v. Haumont*, 110 Ariz. 7, 514 P.2d 1003 (1973).

■ The words "subject to" usually indicate a condition to one party's duty of performance and not a promise by the other. *Burgess Const. Co. v. M. Morrin & Son Co., Inc.*, 526 F.2d 108 (10th Cir. 1975). Such is the case here. The lack of any description of the restaurant property or terms of payment supports this conclusion. The typewritten provision regarding the sale of the restaurant merely states a condition to the Scafidis' duty to purchase the Illinois residence. There was no purchase of the restaurant, despite the Pucketts' payment of the earnest money. In the absence of any provision for retention of the $8,000 by the Scafidis, the Pucketts were entitled to its return upon their decision not to purchase the restaurant, thereby releasing the Scafidis from their obligation to purchase the residence in Illinois.

■ On the Pucketts' cross-appeal, we find no abuse of the trial court's discretion under A.R.S. § 12–341.01 in determining that each party should bear his own attorney's fees.

Affirmed.

HOWARD, J., concurring.

HATHAWAY, Judge, agreeing in part and dissenting in part.

I agree the trial court's judgment should be affirmed except with respect to the attorney's fees. I believe the trial court abused its discretion in not awarding appellees reasonable attorneys fees. The statute obliges that ". . . reasonable attorney's fees *should* be made to mitigate the burden of the expense of litigation for a

just claimant." (Emphasis added) A.R.S. § 12–341.01(B). Appellees are deprived of this benefit and their recovery lessened to that extent. Although discretion is vested in the trial court, I am unable to discern any sound basis in this case to support the trial court's denial. The awarding of fees in a proper case not only assists in making the prevailing party whole, it should tend to heighten the quality of litigation by sifting out some of the chaff. I believe appellants' position is so without merit that they should to some extent subsidize forcing appellees through litigation.