601 P.2d 1068

**Edgar Q. LAMB and Louise Lamb, his wife, Appellants,**

**v.**

**ARIZONA COUNTRY CLUB, an Arizona Corporation, Appellee.**

**No. 1 CA–CIV 3864.**

Court of Appeals of Arizona,
Division 1,
Department A.

Sept. 25, 1979.

Carson, Messinger, Elliott, Laughlin & Ragan by G. Wayne McKellips, Jr., Phoenix, for appellants.

Duecy, Moore, Petsch, Robinson & Bennett by Roy R. Petsch, Scottsdale, for appellee.

OPINION

FROEB, Judge.

In *Lamb v. Arizona Country Club* (App. 1978), this court rendered its decision affirming the trial court's order denying appellants' motion to set aside the stipulated judgment previously entered in this litigation. Appellants' motion for rehearing and petition for review by the Supreme Court were subsequently denied. After our decision, appellee filed a timely statement of costs seeking recovery of the expense of printing briefs and also its attorney's fees on appeal pursuant to A.R.S. § 12–341.01. While claims for costs and attorney's fees are normally the subject of an unpublished order, we deem an opinion appropriate in this case.

At all times relevant to this appeal, which was prior to 1978 amendments, subsections A and B of § 12–341.01 provided as follows:

> A. In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees. This section shall in no manner be construed as altering, prohibiting or restricting present or future contracts or statutes that may provide for attorney's fees.
>
> B. The award of reasonable attorney's fees should be made to mitigate the burden of the expense of litigation for a just claimant. It need not equal or relate to the attorney's fees actually paid or contracted.

This court has held that the statute authorizes an award of attorney's fees incurred on appeal. *Gressley v. Patterson Tillage & Leveling Inc.,* 119 Ariz. 154, 579 P.2d 1124 (App.1978). We have also held, however, that the statute does not apply to actions commenced prior to its becoming effective in September 1976. *USLIFE Title Company of Arizona v. Soulé Steel Co.,* 122 Ariz. 79, 593 P.2d 302 (App.1979).[1]

Appellee filed its complaint in 1974. Its claim was essentially one to quiet title for real property. Appellants counterclaimed and, after the cause was set for trial, the parties stipulated to a judgment which was filed June 25, 1976, establishing their respective rights to the real property in question. The stipulated judgment is described in our earlier opinion disposing of the merits of the appeal. On November 23, 1976, appellants filed their 16 A.R.S., Rules of Civil Procedure, Rule 60(c) motion to set aside the stipulated judgment. The motion was denied and the appeal followed.

Appellee claims attorney's fees in the amount of $2,925.00 for defending the appeal. Appellants contend that there is no basis for an award of attorney's fees under A.R.S. § 12–341.01 because (1) the action was commenced in 1974, and (2) the suit was in the nature of a quiet title action rather than one arising out of contract. We reject appellants' contentions and conclude that an award of attorney's fees is appropriate in this case.

It is true that the underlying action was commenced in 1974, but the various

1. The enacting statute provides that A.R.S. § 12–341.01 is to take effect on September 1, 1976.

claims of the parties were resolved by agreement in the stipulated judgment entered June 25, 1976. The original litigation was, thus, effectively terminated. Appellants' Rule 60(c) motion sought to have the judgment set aside. The question is whether appellants' motion constituted the initiation of a "contested action arising out of a contract . . ." under subsection A of § 12–341.01. We hold that it did.

By their Rule 60(c) motion, appellants intended to achieve the same result as if they had filed an independent action for relief from the judgment. *See Lamb v. Arizona Country Club, supra,* footnote 2. The filing of an independent action for relief from a stipulated judgment would, we believe, constitute an initiation of a "contested action." To the extent both the Rule 60(c) motion and the independent action seek the vacation of a judgment, they are largely interchangeable. The last sentence of Rule 60(c) reads: "The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action." Also, *see generally, Springfield Credit Union v. Johnson,* 123 Ariz. 319, 599 P.2d 772 (1979), *Perper v. Pima County,* 123 Ariz. 439, 600 P.2d 52 (App.1979) and 7 *Moore's Federal Practice* ¶ 60.31, p. 501 and ¶ 60.36, p. 601 (2nd ed. 1979).

We hold that appellants' filing of their Rule 60(c) motion in this case was the initiation of a "contested action" within the meaning of § 12–341.01(A). Since appellants' Rule 60(c) motion was filed November 23, 1976, the "contested action" was commenced after the effective date of § 12–341.01.

■ The next question is whether the matter was one "arising out of contract, express or implied . . . ." In our opinion it was. The parties negotiated settlement of the case and, as we noted in our earlier opinion, contract principles were applicable to its enforceability. In *Minneapolis Gas Light Co. v. City of Minneapolis,* 140 Minn. 400, 168 N.W. 588 (1918), the court, in dealing with a motion to reopen a judgment into which had been merged an agreement of the parties, stated:

> The case is no different from what it would have been had the parties entered into the agreement of settlement by duplicate copies retained by each, and the attorneys of the respective parties had then advised the court that a settlement had been effected, and in consequence, thereof the action would not be further pressed upon the attention of the court. The rate thus agreed upon would constitute a valid contract which the court could not set aside merely because subsequent conditions made the terms thereof burdensome to one of the parties. The fact that the agreement was reported to the court and by it incorporated in the judgment, does not change the situation, nor the rights of the parties. The judgment is not based upon findings of fact nor upon an adjudication of the rights of the parties by the court, but merely gives expression to the contract made by them.

140 Minn. at 403–404, 168 N.W. at 589.

By their Rule 60(c) motion, appellants sought, essentially, to invalidate the agreement. Nothing in the language of the statute suggests that it will not apply when the agreement is negotiated in the course of litigation and incorporated into a judgment. Accordingly, we hold that this was a matter "arising out of a contract" as contemplated by § 12–341.01.

■ Subsection B of the statute states that discretion is to be exercised in the awarding of attorney's fees. *See Scafidi v. Puckett,* 118 Ariz. 589, 578 P.2d 1018 (App. 1978). As our earlier opinion disposing of the appeal pointed out, appellants showed at most a unilateral mistake which did not provide a basis for invalidating the settlement agreement. We think an allowance of attorney's fees is appropriate, and we award appellee the sum of $2,000.00.

■ Appellants have also challenged appellee's printing expenses in the claimed amount of $243.75. In their arguments relating to costs, the parties have referred to 17A, A.R.S., Rules of Civil Appellate Procedure, Rule 21(b). That rule became effec-

tive January 1, 1978, after this appeal was taken. Former Rule 13(b) of 17A, A.R.S. Rules of the Supreme Court, applies to this case. It provided:

> (b) *Allowance for costs of briefs and abstracts.* The allowance for the cost of briefs and abstracts of record shall be the amount actually and necessarily expended therefor. The sum of one dollar shall be presumed to be the maximum cost of typing one page of the abstract of record or any brief.

Appellee has presented an invoice showing a charge of $243.75 for "printing and typing" of appellee's brief. This is an adequate showing under the first sentence of Rule 13(b).

For the foregoing reasons, it is ordered awarding appellee costs in the amount of $243.75, and attorney's fees in the amount of $2,000.00.

HAIRE and DONOFRIO, JJ., concur.