673 P.2d 934

ASH, INC., a corporation dba Auto
Safety House, Petitioner-Appellant,

v.

MESA UNIFIED SCHOOL DISTRICT
NO. 4, a duly organized School District;
Donna Green, Marilyn Wilson, John W.
Crandall, Cardon Driggs, and Darl An-
derson, as the Board of Education of
said District; and All American School
Supply Company, Inc., a corporation,
Respondents-Appellees.

No. 1 CA–CIV 6761.

Court of Appeals of Arizona,
Division 1, Department D.

July 28, 1983.

Rehearing Denied Sept. 19, 1983.

Review Denied Oct. 25, 1983.

Rawlins, Burrus & Lewkowitz, P.C. by
Chester J. Peterson, Phoenix, for petitioner-
appellant.

Evans, Kitchel & Jenckes, P.C. by An-
drew S. Friedman and Jerry C. Bonnett,
Phoenix, for respondent-appellee All Ameri-
can School Supply.

Udall, Shumway, Blackhurst, Allen, Lyons & Davis, P.C. by Gregory L. Miles and Dennis P. Blackhurst, Mesa, for respondents-appellees Mesa Unified School District No. 4 and Bd. of Educ. of said Dist.

## OPINION

HAIRE, Presiding Judge.

This appeal is from a denial of relief sought by ASH, Inc., doing business as Auto Safety House (ASH) against Mesa Unified School District No. 4 (Mesa Schools) for awarding a contract to purchase school buses to All American School Supply Co. (All American). In a special action, ASH sought to invalidate the contract between Mesa Schools and All American and to compel Mesa Schools to award the contract to ASH. In July 1982, the trial court denied this relief and awarded attorney's fees to Mesa Schools and All American. ASH promptly filed a special action in this court seeking review of the trial court's action. In August 1982, ASH also filed an appeal. Subsequently this court denied relief in the special action, and following some delay in obtaining the trial transcript, the appeal proceeded under accelerated procedures stipulated to by the parties. In late December 1982 and early January 1983, the school buses purchased pursuant to the challenged contract were delivered to Mesa Schools and paid for before all briefs were filed. Two issues are presented in this appeal:

(1) whether the propriety of the contract between Mesa Schools and All American is a moot issue; and

(2) whether the trial court erred by awarding attorney's fees to Mesa Schools and All American.

## MOOTNESS

■ Mesa Schools and All American contend that because the contract is fully executed, ASH's request that the contract be declared void and that a writ of mandamus issue requiring Mesa Schools to award

the contract to ASH is moot. "Mootness" requires that opinions not be given concerning issues which no longer exist because of changes in the factual circumstances. *Chambers v. United Farm Workers Organizing Committee,* 25 Ariz.App. 104, 106, 541 P.2d 567, 569 (1975). The school buses were delivered to Mesa Schools which paid for and used them. Thus, the factual circumstances have changed. The contract between Mesa Schools and All American has been fully performed, and the writ of mandamus requested by ASH is clearly futile.

■ The appellate court may decide an issue of law despite its mootness if the matter is of considerable public importance or the principle involved is a continuing one. *State v. Superior Court,* 104 Ariz. 440, 441, 454 P.2d 982, 983 (1969). We do not find that the circumstances of this case fall within either exception. *See J.R. Francis Construction Co. v. Pima County,* 1 Ariz. App. 429, 403 P.2d 934 (1965) (unsuccessful bidder's challenge to award of contract for construction of county building was not of such public importance as to require a departure from general rule on mootness).

In oral argument, ASH urged that its filing of a supersedeas bond stayed the trial court's judgment and thus preserved on appeal the issue of the propriety of the contract between Mesa Schools and All American. We disagree.

Contrary to ASH's contention, the supersedeas bond filed in this action was not intended to stay performance of the school bus contract. Rather, the bond filed by ASH stayed only execution on the award of attorney's fees contained in the trial court's judgment. The amount of the bond approximated the amount of fees awarded. This amount did not reflect any damages which could be expected to result from a stay of the performance of a contract worth many times that amount. *See* Rule 7(a)(2), Arizona Rules of Civil Appellate Procedure, 17A A.R.S.[1] Moreover, Rule 7(a)(1) pro-

---

1. Rule 7(a)(2) reads in pertinent part as follows:

"(2) The bond shall be conditioned for the satisfaction in full of the judgment remaining unsatisfied, together with costs, interest, and

**192**

vides that the court may make a further order, in addition to the bond, which is appropriate to preserve the status quo. ASH did not request such an order to stay performance of the contract. It is clear that the trial court and ASH intended that the supersedeas bond stay only the award of attorney's fees. In the minute entry setting bond, the trial judge noted that "[i]t is understood that Respondent [Mesa Schools] will not execute on the judgment regarding attorney fees before [the date of the filing of the bond]." Furthermore, ASH did not allege that Mesa Schools and All American violated any stay when the buses were delivered, paid for, and used.

Finally, ASH sought none of the procedural remedies available to stay performance of the contract. After learning of the pending delivery of buses to Mesa Schools, ASH did not seek an interlocutory stay pursuant to Rule 5, Rules of Procedure for Special Actions, 17A A.R.S. ASH could have also sought an order from this court to preserve the status quo pursuant to Rule 7(c), Rules of Civil Appellate Procedure, 17A A.R.S.

By failing to obtain any interlocutory stay or injunction to enjoin performance of the disputed contract, ASH did not protect the status quo in this case. Consequently, ASH has not effectively preserved the issue in this appeal for our consideration. Full performance of the contract has made the issue of its propriety moot.

## ATTORNEY'S FEES

■ ASH contends that the trial court erroneously awarded attorney's fees to Mesa Schools and All American because this action allegedly does not arise out of a contract pursuant to A.R.S. § 12–341.-01(A)[2]. ASH asserts that its petition for mandamus relief did not allege either an

existing contract or a breach of contract, but rather a right to compel Mesa Schools to perform a legal duty. By focusing on the procedural context of this special action as one in mandamus, however, ASH ignores its substantive nature. The petition sought an order cancelling the award of the contract to All American and requiring an award of the contract to ASH. We find that this was an action arising out of a contract as contemplated by § 12–341.01.

This interpretation is consistent with the broad statutory language providing for the award of attorney's fees "in *any* contested *action*." Furthermore, Arizona courts have interpreted the modifying phrase "arising out of" in other contexts as referring to a cause or origin. *See Peter Kiewit Sons' Co. v. Industrial Commission,* 88 Ariz. 164, 168, 354 P.2d 28, 30 (1960) (interpreting workmen's compensation statute); *Vanguard Insurance Co. v. Cantrell,* 18 Ariz.App. 486, 488, 503 P.2d 962, 964 (1972) (interpreting insurance contract clause). Thus, as used in A.R.S. § 12–341.01, the words "arising out of a contract" describe an action in which a contract was a factor causing the dispute. ASH filed suit to set aside a contract awarded by Mesa Schools to All American and to compel Mesa Schools to award the contract to ASH. Clearly, this suit was initiated because of a contract.

Our interpretation also accords with prior cases applying A.R.S. § 12–341.01. In *Lamb v. Arizona Country Club,* 124 Ariz. 32, 601 P.2d 1068 (App.1979), this court authorized an award of attorney's fees to a party successfully defending an appeal from a denial of a motion to set aside a stipulated judgment. The court noted that the judgment was in effect a settlement agreement or contract between the parties. Thus, appellants' action to invalidate that agreement was an action arising out of a

---

any damages reasonably anticipated to flow from the granting of the stay including damages for delay, if for any reason the appeal is dismissed or if the judgment is affirmed, and to satisfy in full such modification of the judgment and costs, interest, and damages as the appellate court may adjudge and award . . . ."

**2.** Section 12–341.01(A) reads in pertinent part as follows:

"A. In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees."

contract. The *Lamb* court awarded attorney's fees even though the action appealed from was in the procedural context of the denial of a Rule 60(c) motion which sought relief from judgment in a quiet title action. Similarly, we do not find that the procedural context of this special action seeking mandamus relief precludes an award of attorney's fees pursuant to § 12–341.01. Like the appellants in *Lamb,* ASH sought to invalidate a contract; it is that contract which prompted the suit.

Other cases reiterate this broad construction of A.R.S. § 12–341.01 by analyzing the essence of the action to determine whether it arises out of a contract. *See Sparks v. Republic National Life Insurance Co.,* 132 Ariz. 529, 647 P.2d 1127, *cert. denied,* 459 U.S. 1070, 103 S.Ct. 490, 74 L.Ed.2d 632 (1982) (action alleging tort of bad faith which court found intertwined with breach of duty implied in insurance contract); *Pinetop Lakes Association v. Hatch,* 135 Ariz. 196, 659 P.2d 1341 (App.1983) (action to enforce restrictive covenant which was essentially an action to enforce mutual contractual obligations); *Trebilcox v. Brown & Bain, P.A.,* 133 Ariz. 588, 653 P.2d 45 (App. 1982) (action alleging breach of fiduciary duty which was based on attorney-client contract). The broad scope of § 12–341.01 also was emphasized in *Nationwide Mutual Insurance Co. v. Granillo,* 117 Ariz. 389, 573 P.2d 80 (App.1977), which awarded attorney's fees to a successful defendant in a declaratory judgment action who was not a party to the contract, and in *Shirley v. Hartford Accident & Indemnity Co.,* 125 Ariz. 70, 607 P.2d 389 (App.1979), which awarded fees to a defendant who proved the absence of a contractual relationship.

The trial court's award of attorney's fees to Mesa Schools and All American is also consistent with the remedial purposes of A.R.S. § 12–341.01 previously noted by the courts in *Shirley* and *Granillo.* Subsection B of § 12–341.01 provides:

"B. The award of reasonable attorney's fees awarded pursuant to subsection A should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense."

Both Mesa Schools and All American have incurred substantial expense in defending the propriety of their contract, and the trial court properly awarded them reasonable attorney's fees.

The statute authorizes an award of attorney's fees incurred on appeal. *Wenk v. Horizon Moving & Storage Co.,* 131 Ariz. 131, 133, 639 P.2d 321, 323 (1982). Thus, we affirm the judgment of the trial court and additionally award attorney's fees to Mesa Schools and All American incurred in defending this appeal. Furthermore, in an order related to ASH's petition for special action in this court, we directed Mesa Schools and All American to file a statement of costs relating to that action within ten days after a decision in this appeal. We believe the same remedial purposes of A.R.S. § 12–341.01(B) are served by awarding Mesa Schools and All American attorney's fees to mitigate their expense in defending the special action.

The judgment of the trial court is affirmed. The amount of the attorney's fees awarded to Mesa Schools and All American by this opinion may be established by the filing of appropriate statements of costs pursuant to the provisions of Rule 21(c), Arizona Rules of Civil Appellate Procedure, relating both to this appeal, 1 CA–CIV 6761, and to the special action, 1 CA–CIV 6612–SA.[3]

EUBANK and GRANT, JJ., concur.

---

**3.** We note that the Arizona Supreme Court has recently adopted Rule 4(f), Rules of Procedure for Special Actions (effective September 1, 1983) specifying the procedure for requesting attorney's fees in special actions.