712 P.2d 979

**FLOOD CONTROL DISTRICT OF MARICOPA COUNTY, a municipal corporation and political subdivision of the State of Arizona, Plaintiff-Appellant,**

v.

**Robert D. CONLIN and Debra K. Conlin, his wife; David A. Conlin, Jr., and Anne L. Conlin, his wife; Continental Service Corporation, an Arizona corporation as Trustee under Trust # 95936, Defendants-Appellees.**

**No. 1 CA–CIV 7197.**

Court of Appeals of Arizona, Division 1, Department B.

Dec. 31, 1985.

Larry J. Richmond, Ltd. by Larry J. Richmond, Clare H. Abel, and Fennemore, Craig, von Ammon, Udall & Powers, P.C. by James Powers, Phoenix, for plaintiff-appellant.

Burch & Cracchiolo, P.C. by Frank Haze Burch, Bryan F. Murphy, Phoenix, for defendants-appellees.

## OPINION

FROEB, Chief Judge.

This appeal arises from an independent action brought pursuant to rule 60(c), Arizona Rules of Civil Procedure (hereinafter rule 60(c)).[1] Appellant, Flood Control District of Maricopa County (Flood Control), brought this action seeking an order vacating the final judgment in an earlier condemnation action. On motion of the appellees, the trial court dismissed the action for lack of jurisdiction[2] and awarded attorney's fees to appellees pursuant to A.R.S. §§ 12–341.01 and 12–348. Flood Control filed a timely appeal from the dismissal.

---

1. Rule 60(c), Arizona Rules of Civil Procedure, provides:

On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) *mistake*, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(d); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment on which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) *any other reason justifying relief from the operation of the judgment. The motion shall be filed within a reasonable time, and for reasons (1), (2)* *and (3) not more than six months after the judgment or order was entered or proceeding was taken.* A motion under this subdivision does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant relief to a defendant served by publication as provided by Rule 59(j) or to set aside a judgment for fraud upon the court. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action. (Emphasis added.)

2. The trial court viewed the matter as one of "subject matter jurisdiction"; however, the court clearly had subject matter jurisdiction of the case. What is involved here is a legal defense to the complaint.

Flood Control raises two issues on appeal: (1) whether "jurisdiction" exists pursuant to rule 60(c)(6) to consider Flood Control's complaint, and (2) whether Flood control is within the class of defendants against which attorney's fees can be awarded under A.R.S. § 12-348.[3]

## FACTS

■ The statement of facts in Flood Control's opening brief fails to make appropriate references to the record as required by rule 13(a)(4), Arizona Rules of Civil Appellate Procedure, and contains numerous factual assertions for which we find no record support. We have accordingly disregarded it. As appellees point out, a motion to dismiss assumes the truth of all well-pleaded allegations of the complaint. *Parks v. Macro-Dynamics, Inc.,* 121 Ariz. 517, 591 P.2d 1005 (App.1979). For purposes of this appeal, we therefore take the facts to be as alleged in paragraphs V through X of the complaint, which we summarize as follows.

Before May of 1981, appellees were the record owners of a 36.688-acre parcel of real property in Maricopa County. Flood Control required the parcel of land to construct the Arizona Canal Diversion Channel Flood Control Project. In preparation for acquiring the parcel, Flood Control commissioned an appraisal report which valued the entire 36.688 acres at $660,400.00. At some point, certain agents of Flood Control acquired 22.618 of the 36.688 acres from appellees through a negotiated purchase. On or about July 24, 1981, Flood Control's counsel, who was unaware of this purchase, filed a suit to condemn the entire 36.688-acre parcel. Flood Control's counsel later entered into an "agreement and stipulation" with appellees whereby Flood Control agreed to pay the entire $660,400.00 appraised value as damages for the taking. Based on the agreement and stipulation, a condemnation judgment awarding that sum to appellees was entered on October 30, 1981.

On April 13, 1983, almost 17.5 months after the final judgment was entered, Flood Control filed the complaint which initiated the present action. In the complaint, Flood Control alleged that the "agreement and stipulation" was based on a mutual mistake and the condemnation judgment was thus void, or, alternatively, that appellees knew or should have known of Flood Control's unilateral mistake and public policy demanded the condemnation judgment be declared void.

Appellees filed a motion to dismiss the complaint for lack of subject matter jurisdiction.[4] They argued that since the complaint requesting rule 60(c) relief was based on a "mistake," relief was available, if at all, under clause (1) of rule 60(c) and that relief was not available under any other clause. Relief under clause (1) is limited to requests for relief made within the six months following entry of judgment. They further argued that since Flood Control's request for relief was not made within the six months following the condemnation judgment, the court lacked subject matter jurisdiction.

Flood Control opposed the motion to dismiss arguing that relief was not restricted to clause (1) of rule 60(c) and that the court had jurisdiction to grant relief under clause (6) to which the six-month limitation does not apply.[5]

By judgment filed December 7, 1983, the trial court granted appellees' motion to dismiss on the ground that its jurisdiction under rule 60(c)(1) did not extend beyond the six months following the entry of judgment. The trial court also granted appel-

---

3. On appeal, Flood Control raised and later withdrew the issue of whether the stipulated agreement underlying the condemnation judgment was void based on a mistake as to an essential fact, and whether the judgment was thus subject to attack under rule 60(c)(4).

4. See footnote 2.

5. The six-month limitation applicable to motions and actions invoking clauses (1), (2) or (3) of rule 60(c) does not apply to those invoking clauses (4), (5) or (6). Rule 60(c).

lees' motion for attorney's fees pursuant to A.R.S. §§ 12–341.01 and 12–348.[6]

## DISMISSAL OF THE COMPLAINT

We hold that the trial court erred in deciding that the six-month limitation applicable to clause (1) of rule 60(c) barred consideration of relief under clause (6) of rule 60(c).

Clause (6) of rule 60(c) authorizes relief from a final judgment for "any other reason justifying relief from the operation of the judgment." In *Webb v. Erickson*, 134 Ariz. 182, 655 P.2d 6 (1982),[7] the Arizona Supreme Court held that the applicability of rule 60(c)(6) depends on whether "the facts ... go beyond the factors enumerated in clauses 1 through 5 of Rule 60(c) and raise extraordinary circumstances of hardship or injustice justifying relief under the residual provision in clause 6." 134 Ariz. at 187, 655 P.2d at 11.[8] Further, while acknowledging the principle of mutual exclusivity, *Webb* held that facts and circumstances which might properly form the basis of a claim for relief based on excusable neglect under rule 60(c)(1) may nevertheless constitute "equitable consideration[s] to be weighed with other factors to determine if there are extraordinary circumstances present which justify relief" under

rule 60(c)(6). 134 Ariz. at 188, 655 P.2d at 12.

■ Applying the analysis in *Webb*, we find that the trial court erred in dismissing the case without considering clause (6) of rule 60(c). The allegation in the complaint of "mistake" did not preclude relief under clause (6) of rule 60(c). We reverse the judgment of dismissal and remand the case for proceedings to determine if Flood Control is entitled to relief pursuant to clause (6) of rule 60(c).

## ATTORNEY'S FEES

In the trial court, appellees sought an award of attorney's fees pursuant to A.R.S. §§ 12–341.01 and 12–348. Flood Control opposed the request for attorney's fees, arguing that Flood Control was not an entity within the meaning of "state" as used in A.R.S. § 12–348[9] and, therefore, A.R.S. § 12–348 was not an appropriate basis for awarding attorney's fees against Flood Control.

The trial court awarded appellees attorney's fees in a minute order stating:

It appears that the Flood Control District may be seen as a Municipal, County, and State agency. However, pursuant to A.R.S. 12–348 and 45–2352, it appears

---

**6.** The judgment stated:

IT IS HEREBY ORDERED granting defendants' Motion to Dismiss on the grounds that this court's jurisdiction under rule 60(c)(1), Arizona Rules of Civil Procedure, does not extend beyond six (6) months;

IT IS FURTHER ORDERED pursuant to A.R.S. § 12–341.01 and § 12–348 that defendants are awarded their attorney's fees incurred herein in the amount of $2,346....

**7.** *See* Note, Extraordinary Circumstances Justifying Relief from Judgment under Rule 60(c)(6), 25 Ariz.L.Rev. 747 (1983).

**8.** Prior to *Webb v. Erickson*, it had generally been held in Arizona that relief may be granted under rule 60(c)(6) only for reasons for which no provision was made under clauses (1) through (5). *In re Estate of Chase*, 125 Ariz. 270, 609 P.2d 85 (App.1980); *Dunn v. Law Offices of Ramon R. Alvarez*, 119 Ariz. 437, 581 P.2d 282 (App.1978); *International Association of Machinists and Aerospace Workers v. Petty*, 22 Ariz.App. 539, 529 P.2d 251 (1974); *Sloan v.*

*Florida-Vanderbilt Development Corp.*, 22 Ariz. App. 572, 529 P.2d 726 (1974); *Vander Wagen v. Hughes*, 19 Ariz.App. 155, 505 P.2d 1046 (1973). *See also Leahy v. Ryan*, 20 Ariz.App. 110, 510 P.2d 421 (1973). *But cf. Roll v. Janca*, 22 Ariz. App. 335, 527 P.2d 294 (1974) (court analyzed and decided appeal under rule 60(c)(6) after acknowledging that rule 60(c)(4) was also applicable).

**9.** A.R.S. § 12–348 provides in pertinent part:

A. In addition to any costs which are awarded as prescribed by statute, a court shall award fees and other expenses to any party other than this state or a city, town or county which prevails by an adjudication on the merits in any of the following:

1. A civil action brought by the state or a city, town or county against the party.

\* \* \* \* \* \*

H. As used in this section:

\* \* \* \* \* \*

3. "State" means this state and any agency, officer, department, board or commission of this state.

that the District is a State agency. Accordingly,

IT IS ORDERED granting Defendants' Motion for Attorneys' Fees in the amount requested.

The written judgment cited both A.R.S. §§ 12–348 and 12–341.01 as grounds for the award.

Inasmuch as we have reversed the judgment dismissing the complaint, we must also reverse the award of attorney's fees. Since the issue of attorney's fees may arise again on remand, we proceed next to analyze A.R.S. § 12–348.

■ A county flood control district is a political subdivision of the state. A.R.S. § 45–2343(A) provides:

A county flood control district organized under this article is *a public political taxing subdivision of this state* and has all the powers, privileges and immunities granted generally to municipal corporations by the constitution and laws of this state including immunity of its property and bonds from taxation. (Emphasis added.)

*See* Ariz. Const. art. 13, § 7; *Pinetop-Lakeside Sanitary District v. Ferguson*, 129 Ariz. 300, 630 P.2d 1032 (1981).

■ A.R.S. § 12–348 does not specifically provide for an award of attorney's fees against a "political subdivision" of the state. A.R.S. § 12–348 does provide for an award against "this state or a city, town or county." The term "state" is defined in A.R.S. § 12–348(H) as "this state and any agency, officer, department, board or commission of this state."

A "political subdivision" of the state is not an agency, officer, department, board or commission of the state. As Division Two of this court stated in *McClanahan v. Cochise College*, 25 Ariz.App. 13, 16, 540 P.2d 744, 747 (1975):

The attributes which are generally regarded as distinctive of a political subdivision are that it exists for the purpose of discharging some function of local government, that it has a prescribed area, and that it possesses authority for subordinate self-government by officers selected by it. *Dugas v. Beauregard*, 155 Conn. 573, 236 A.2d 87 (1967).

County flood control districts have statutorily defined "area[s] of jurisdiction" which are entirely within the physical boundaries of their respective counties. *See* A.R.S. § 45–2341(1); A.R.S. § 45–2342(A). The powers of county flood control districts, detailed in A.R.S. § 45–2343(C), relate to and are to be exercised in connection with advancing the interests of the districts. Moreover, unlike state agencies, county flood control districts have no state governmental functions and administer no statewide policies.

■ In determining legislative intent, the court may examine both prior and subsequent statutes *in pari materia*. *Isley v. School District*, 81 Ariz. 280, 305 P.2d 432 (1956).

A.R.S. § 12–2030,[10] enacted one year after the original enactment of A.R.S. § 12–348, specifically excludes an award of attorney's fees against "this state *or* any political subdivision thereof" (emphasis added) in mandamus actions. The inclusion by the legislature of a specific reference to "political subdivision" in A.R.S. § 12–2030 in the alternative to "state" suggests that the legislature did not intend "political subdivisions" to be within the definition of "state." If the legislature had intended that A.R.S. § 12–348 apply to political subdivisions, it could have specifically so provided as it did in A.R.S. § 12–2030. *Lacer v. Navajo County*, 141 Ariz. 392, 687 P.2d 400 (1984); *cf., Amphitheater Unified School District No. 10 v. Harte*, 128 Ariz. 233, 624 P.2d 1281 (1981) (the term "state"

---

**10.** A.R.S. § 12–2030(A) provides:

A court shall award fees and other expenses to any party other than this state *or any political subdivision thereof* which prevails by an adjudication on the merits in a civil action brought by

the party against the state *or any political subdivision thereof* to compel a state officer *or any officer of any political subdivision thereof* to perform an act imposed by law as a duty on the officer. (Emphasis added.)

as used in A.R.S. § 41–1481(D) held not to include political subdivisions).

 For the foregoing reasons, we conclude that attorney's fees may not be awarded against a flood control district on the basis of A.R.S. § 12–348. On remand it is within the discretion of the trial court to award attorney's fees to the prevailing party pursuant to A.R.S. § 12–341.01(A). Flood Control's complaint requesting rule 60(c) relief from the judgment essentially sought to invalidate the prior settlement agreement and thus initiated a "contested action arising out of contract" under A.R.S. § 12–341.01. *Lamb v. Arizona Country Club*, 124 Ariz. 32, 601 P.2d 1068 (App. 1979).

Reversed and remanded for further proceedings.

CONTRERAS, P.J., and MEYERSON, J., concur.