NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

DIANA DE LEON, *Petitioner/Appellee*,

*v.*

EDWIN PIZARRO, SR., *Respondent/Appellant*.

No. 1 CA-CV 21-0076 FC
FILED 11-30-2021

Appeal from the Superior Court in Maricopa County
No. FC2013-053481
The Honorable Alison Bachus, Judge

**AFFIRMED**

COUNSEL

Davis Blase Stone & Holder, PLLC, Scottsdale
By Aaron T. Blase
*Counsel for Petitioner/Appellee*

Edwin Pizarro, Sr., Anthem
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Maurice Portley[1] delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Chief Judge Kent E. Cattani joined.

---

**P O R T L E Y**, Judge:

**¶1**  Edwin Pizarro, Sr. ("Father") appeals the family court's denial of his petition and amended petition to modify legal decision-making authority, parenting time, and child support and his motions for reconsideration. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2**  Father and Diana De Leon ("Mother") were married in 2006. They have one child, born in 2007. While Mother was pregnant, the parties were victims of an armed robbery; Father was shot in the head and suffered a traumatic brain injury. As a result, Father stopped working and began receiving social security disability income.

**¶3**  The parties divorced in 2013. Pursuant to the consent decree of dissolution, Father was designated the primary residential parent, and the child would reside with him on weekdays and with Mother on weekends and other designated time periods. The parties agreed to joint legal decision-making, with Father having final decision-making authority regarding educational issues. Mother agreed to pay ongoing child support and spousal maintenance through May 2016.

**¶4**  In September 2014, Father was arrested for aggravated assault against his live-in tenant/female partner and her twelve-year-old son in the presence of the parties' child. As a result, Mother filed a petition to modify the decree; the parties agreed to increase Mother's parenting time, and Mother then withdrew her petition and related requests.

**¶5**  In January 2015, Mother obtained an order of protection against Father that included the child after Child Protective Services

---

[1]  The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

reopened a 2013 investigation against Father for hitting the child. In February 2015, she filed a petition to modify legal decision-making authority, parenting time, and child support and sought other relief, claiming that Father had abused the child.

¶6 After Father pled guilty in May 2015 to disorderly conduct, a class one misdemeanor and domestic violence offense, stemming from the September 2014 incident, the parties agreed to use a therapeutic interventionist ("TI") to rehabilitate the relationship between Father and the child, an agreement the family court adopted, and the family court ordered that neither party was required to pay child support.

¶7 In January 2016, Mother obtained an order of protection against Father prohibiting contact with her and the child. The following month, the court limited Father's contact with the child "to that which is through the appointed [TI]."

¶8 After a May 2016 trial on Mother's February 2015 petition, the court found that Father had a substantiated finding of child abuse by the Department of Child Safety, and since the divorce, Father had committed acts of domestic violence not only against the child but also in front of the child by virtue of Father's repeated conflicts with his girlfriend. The court further found that the domestic violence was significant and Father had repeatedly violated the order of protection, which led to his arrest and conviction for interference with judicial proceedings. The court awarded Mother sole legal decision-making authority, ordered Father to participate in a psychological evaluation, and further ordered Father's parenting time occur only through the TI.

¶9 Father subsequently made various filings seeking to challenge, among other things, the appointment of the TI, all of which were unsuccessful and none of which were appealed. Meanwhile, Father continued to violate the order of protection and was again arrested. And because Father refused to cooperate with the TI, the court discharged her in July 2018.

¶10 In December 2020, Father filed a petition to modify legal decision-making authority, parenting time, and child support, again challenging the TI. The family court summarily denied the petition because it failed to state a material change in circumstances affecting the child's welfare had occurred since the last orders were entered. In doing so, the court reaffirmed the requirement that any parenting time by Father involve a TI.

¶11    Father then immediately filed an amended petition seeking the same relief, quickly followed by two identical motions for reconsideration, asking the family court to reconsider its order denying his original petition to modify. The court denied Father's amended petition, noting it was identical to the petition the court had denied several days earlier, and the motions for reconsideration.

¶12    We have jurisdiction over Father's timely appeal under Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2).

## ANALYSIS

### I.    *Father's Opening Brief*

¶13    Mother contends that Father's opening brief does not comply with Arizona Rule of Civil Appellate Procedure ("ARCAP") 13. She argues we should dismiss his appeal, treat his arguments as waived, *see, e.g.*, *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009), or strike and disregard all noncompliant portions of his brief, *see, e.g.*, *Flood Control Dist. of Maricopa Cnty. v. Conlin*, 148 Ariz. 66, 68 (App. 1985).

¶14    Father's opening brief falls short of the requirements of ARCAP 13 in several respects. *See* ARCAP 13(a)(4)-(5), (7). Nevertheless, we decline to summarily reject Father's appeal and will address the merits given that the best interests of a child are involved. *See In re Marriage of Diezsi*, 201 Ariz. 524, 525, ¶ 2 (App. 2002). We rely, however, on our review of the record for our recitation of the facts, *see State Farm Mut. Auto. Ins. Co. v. Arrington*, 192 Ariz. 255, 257 n.1 (App. 1998), and view the evidence in the light most favorable to sustaining the court's rulings, *In re Marriage of Yuro*, 192 Ariz. 568, 570, ¶ 3 (App. 1998). And we limit our review of the contentions made in Father's reply brief to those "strictly confined to rebuttal of points made in [Mother's] answering brief." ARCAP 13(c).

### II.    *The Merits*

¶15    Father argues that the family court abused its discretion in denying his petition, amended petition, and motions for reconsideration. He primarily challenges the court's refusal to lift a requirement that his parenting time with his son be conducted with the assistance of a TI.

¶16    We review the family court's denial of a petition for legal decision-making and parenting time for an abuse of discretion, *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013), and the denial of a motion for reconsideration, *Tilley v. Delci*, 220 Ariz. 233, 238, ¶ 16 (App. 2009). To

obtain a change in previous "custody" orders, Father must demonstrate a material change in circumstances affecting the child's welfare. *Canty v. Canty*, 178 Ariz. 443, 448 (App. 1994) (citing *Pridgeon v. Superior Court*, 134 Ariz. 177, 179 (1982)).

¶17 In his December 2020 petition, amended petition, and motions for reconsideration, Father sought to modify the parties' legal decision-making authority, parenting time, and child support. The family court denied Father's amended petition, finding it identical to the petition the court had just denied and ruling that "[t]he petition remains denied because it fails to state a material change in circumstances affecting the child's welfare has occurred since the last orders were entered." And the court found "no good cause" for granting Father's motions for reconsideration.

¶18 Father has shown no abuse of the court's discretion. As the court recognized, Father failed to allege the required material change in circumstances since the entry of the last orders. The required path set forth in those orders, since 2016, was for Father to "continue to work through a TI prior to resuming a 'normal' parent/child relationship." Although Father has acknowledged that therapeutic intervention was necessary, he has refused to cooperate with the TI, and the court discharged her in July 2018.

¶19 For any parenting time to begin, Father must, at a minimum, follow the court's orders by first re-engaging in the therapeutic intervention process with a TI and demonstrating that in-person contact with the child is safe and appropriate. The family court's orders in December 2019 and December 2020 confirmed the court would replace the TI upon submission of a stipulated name or list from the court's behavioral health provider roster. Father has failed to follow through with the court's orders and has not proposed a different person to be the TI to the court.

¶20 On this record, the family court correctly found Father failed to demonstrate a material change in circumstances affecting the child's welfare had occurred since the last orders were entered. Accordingly, the court did not abuse its discretion in denying Father's amended petition and motions for reconsideration.

### III. Other Issues Father Seeks To Raise In This Appeal

¶21 Father seeks to raise other issues here, none of which show error by the family court. First, to the extent that Father's appeal asks us to examine the family court's prior orders, we lack appellate jurisdiction to do

so. Father did not file a timely notice of appeal from those orders, and the time to do so has long since passed. Second, Father's reliance on Arizona Rule of Family Law Procedure ("Rule") 72 in asserting that the Rule prohibits reappointment of a TI by the court "on its own accord," is misplaced. Contrary to Father's assumption, the TI is not a Family Law Master under Rule 72. Instead, the TI is appointed by the court through Rule 95(b), which permits the court to "order parties to engage in behavioral or mental health services, including counseling and therapeutic interventions." Third, we reject Father's unsupported request that we order Mother to "reimburse Father for all social security dependent benefits she has received on the child's behalf since February 1, 2015." On this record the issue was not raised with the family court nor addressed by it. As a result, it is waived.

### IV.    Attorneys' Fees and Costs on Appeal

**¶22**        Mother requests attorneys' fees and costs on appeal pursuant to A.R.S. §§ 24-324(A), 25-324, 12-349(A)(1), and 12-342, as well as ARCAP 21 and 25. We treat Mother's citation to A.R.S. § 24-324(A) as a typographical error. As for Mother's request for fees based on § 25-324, the record indicates Mother has substantially greater financial resources than Father, and although Father's opening brief was deficient, in our discretion, we decline to award fees on that basis. Further, Mother has provided no support for her request for an award of attorneys' fees based on § 12-349(A)(1) or ARCAP 25, and we use sparingly the power to punish litigants for prosecuting frivolous appeals. *See Price v. Price*, 134 Ariz. 112, 114 (App. 1982). Finally, ARCAP 21 is not independent authority for an award of fees. *See Freeman v. Sorchych*, 226 Ariz. 242, 252-53, ¶ 31 (App. 2011). Accordingly, we deny Mother's request for attorneys' fees on appeal. We award Mother taxable costs upon compliance with ARCAP 21.

### CONCLUSION

**¶23**        The family court's orders denying Father's petition, amended petition, and motions for reconsideration are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:    AA