NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CRAIG EKBERG, et al., *Plaintiffs/Appellants*,

*v.*

M-14P, Incorporated, *Defendant/Appellee*.

No. 1 CA-CV 22-0122
FILED 10-27-2022

Appeal from the Superior Court in Maricopa County
No. CV2018-004790
The Honorable Danielle J. Viola, Judge

**AFFIRMED**

COUNSEL

Stone Law Firm, PLC, Scottsdale
By C. Randall Stone
*Counsel for Plaintiffs/Appellants*

Williams Commercial Law Group, LLP, Scottsdale
By Daryl M. Williams
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Vice Chief Judge David B. Gass joined.

**B A I L E Y**, Judge:

¶1        Plaintiff Craig Ekberg appeals the superior court's judgment after a jury verdict for Defendant M-14P, Incorporated ("M-14P"). Because Ekberg has shown no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Ekberg is a private pilot based in California and owns a Nanchang CJ-6 airplane. He had previously purchased an engine for the plane from M-14P, a company located in Kingman, Arizona and owned by Jill Gernetzke.

¶3        In 2014, Ekberg bought a replacement custom-modified engine from Gernetzke that began exhibiting functional and performance issues after about fifty hours of flying time. Several damaged cylinders and pistons were replaced, and M-14P also repaired the plane's carburetor. Ekberg was not satisfied, however, and considered the replacement engine to be a "failed engine." Gernetzke concluded the damaged engine parts resulted from modifications made by Ekberg and his mechanic.

¶4        Meanwhile, Ekberg had left the plane's original engine at M-14P's facility, and he and Gernetzke had discussed what to do with it. M-14P later billed Ekberg for the tear-down, evaluation, and storage of the original engine; Ekberg denied approving the work and declined to pay the bill.

¶5        In June 2018, Ekberg filed a complaint against M-14P relating to the replacement engine, alleging breach of contract and breach of the warranty of merchantability. M-14P counterclaimed, seeking reimbursement for tearing down, evaluating, and storing the original engine.

¶6        After a four-day jury trial, the jury returned a unanimous verdict for M-14P on both Ekberg's claims and M-14P's counterclaim, awarding M-14P slightly less than $10,000 in damages, for engine work and storage. The court granted M-14P's request for an award of attorneys' fees under Arizona Revised Statutes ("A.R.S.") section 12-341.01 but denied a request for an award of fees as sanctions. The resulting final judgment awarded M-14P nearly $10,000 in damages and more than $270,000 in attorneys' fees plus taxable costs.

¶7　　　　We have jurisdiction over Ekberg's timely appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(1).[1]

## DISCUSSION

　I.　　Ekberg's Noncompliant Briefing

¶8　　　　Ekberg's opening brief fails to comply with Arizona Rule of Civil Appellate Procedure ("ARCAP") 13 in that it largely lacks appropriate references to the record.　*See* ARCAP 13(a)(4)-(5), (7).　As a result, the issues he seeks to press on appeal have been waived.　*See Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009); *Flood Control Dist. of Maricopa Cnty. v. Conlin*, 148 Ariz. 66, 68 (App. 1985).　M-14P's answering brief, however, also makes unsupported assertions, *see* ARCAP 13(b)(1), largely focused on disparaging Ekberg.　Accordingly, we rely on our review of the record for our recitation of the facts, *see State Farm Mut. Auto. Ins. Co. v. Arrington*, 192 Ariz. 255, 257 n.1 (App. 1998), and view the evidence in the light most favorable to sustaining the court's rulings, *In re Marriage of Yuro*, 192 Ariz. 568, 570, ¶ 3 (App. 1998).　Even absent waiver, Ekberg's arguments on appeal fail.

　II.　　The Superior Court's Admission of Ekberg's Facebook Post

¶9　　　　Ekberg argues the superior court abused its discretion in admitting into evidence Exhibit 138, a Facebook post he made the night before the last day of trial.　Exhibit 138 states, "Day two of trial, trauma mixed with fun," and includes photos of the courthouse, the court seal, and the courtroom (including one of M-14P's counsel), Ekberg's hotel, a partially filled wine glass, and comments made by friends of Ekberg.

¶10　　　　Ekberg states the superior court did not admonish him on the use of Facebook or social media, and although there were posted notices prohibiting photography in the courthouse, he avowed he did not see them and apologized for taking the photos.　The superior court acknowledged not admonishing the parties on the prohibition of taking photographs.　Ekberg contends the Facebook post was not relevant and was unduly prejudicial.　*See* Ariz. R. Evid. 401, 403.

---

[1]　　　M-14P asks us to take judicial notice of additional proceedings pending between the parties in California.　We decline to do so.　*See In re Henry's Estate*, 6 Ariz. App. 183, 188 (1967) (declining to take judicial notice of legal proceedings transacted in another court).

**¶11**         The superior court is the gatekeeper of the evidence, *see State v. Damper*, 223 Ariz. 572, 577, ¶ 20 (App. 2010), and we will affirm its rulings on the admission of evidence absent an abuse of discretion or legal error and resultant prejudice, *see Brown v. U.S. Fid. & Guar. Co.*, 194 Ariz. 85, 88, ¶ 7 (App. 1998).  Thus, we will not reverse if the jury would have reached the same verdict without the admitted evidence.  *Id.*

**¶12**         M-14P argues Ekberg failed to properly preserve his claim of error.  When M-14P's counsel offered Exhibit 138 into evidence, Ekberg's counsel stated only that he was renewing his "general objection."  To preserve his claim of error in admitting Exhibit 138, Ekberg needed to timely object and "state[] the specific ground" for the objection "unless it was apparent from the context."  Ariz. R. Evid. 103(a)(1).  Although timely, the "general objection" provided no "specific ground."  However, Ekberg had previously objected to the admission of Exhibit 138, and although his objection at that time was at best inartful, the grounds of relevance and undue prejudice are apparent from the context.

**¶13**         Even apart from waiver, Ekberg has shown no error.  M-14P contends the Facebook post was relevant to rebut Ekberg's "weeping, emotional breakdown on the witness stand during the course of the trial," when he testified that Gernetzke was the first person who had "[d]isappointed [him] as a friend" and to support M-14P's theory that Ekberg's primary motivation was to "make M-14P miserable."  The superior court allowed M-14P's counsel to offer Exhibit 138 for a very narrow purpose, to "address Mr. Ekberg in the context of taking photos in the courtroom" as a rebuttal to his character.  Although Ekberg argues his personal character had nothing to do with the contractual issues at hand, proper evidence addressing his character was admissible because he was a testifying witness.  *See* Ariz. R. Evid. 404(a)(3).  The superior court properly could conclude the post was relevant to his credibility as a witness.  Moreover, Ekberg has shown no prejudice, given that the evidence overwhelmingly favored M-14P and the jury would have reached the same verdict without the admitted evidence.  *See Brown*, 194 Ariz. at 88, ¶ 7; Ariz. R. Civ. P. 61 ("Unless justice requires otherwise, an error in admitting or excluding evidence--or any other error by the court or a party--is not grounds for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order.  At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").  Accordingly, Ekberg has not shown the superior court abused its discretion in admitting Exhibit 138 into evidence.

III.    Counsel for M-14P's Closing Arguments

**¶14**        Ekberg next argues that M-14P's counsel committed misconduct throughout his closing argument by using Exhibit 138 to paint Ekberg as a wealthy and uncaring person who was partying throughout the trial and that M-14P's counsel appealed to the jury's prejudices based on both wealth and gender.

**¶15**        In closing argument, an attorney should not appeal to prejudice based on wealth or a party's financial ability to pay. *See Tryon v. Naegle*, 20 Ariz. App. 138, 142 (1973).   Arguments made to a jury not supported by facts or reasonable inference that result in prejudice may constitute reversible misconduct. *See, e.g., Grant v. Ariz. Pub. Serv. Co.*, 133 Ariz. 434, 451-52 (1982); *Sisk v. Ball*, 91 Ariz. 239, 245 (1962).

**¶16**        A verdict or judgment may be vacated, and a new trial granted if the prevailing party's misconduct materially affected the rights of the aggrieved party. Ariz. R. Civ. P. 59(a)(1)(B). "Misconduct materially affects an aggrieved party's rights where it appears probable the misconduct actually influenced the verdict." *Maxwell v. Aetna Life Ins. Co.*, 143 Ariz. 205, 215 (App. 1984).

**¶17**        M-14P argues Ekberg failed to object to its counsel's closing argument, and the assertion of improper closing argument is waived on appeal when a party fails to object at trial. *See Sandretto v. Payson Healthcare Mgmt., Inc.*, 234 Ariz. 351, 364, ¶ 56 (App. 2014).   But the record shows Ekberg objected three times: (1) to a reference to Ekberg as a multimillionaire who "is kind of down here partying," (2) to argument characterizing Ekberg as someone with a "cavalier attitude" who was partying while engaged in "illegal conduct" (taking photos in the courtroom), and (3) to argument Ekberg was a "scofflaw" who "violated the rules of this court" by taking courtroom photos, including "a picture of me in the courtroom and he plasters my picture on the Internet so that his buddies can ridicule me, Jill Grenetzke's [sic] lawyer."  The court sustained the first objection, which was based on a lack of evidence and relevance, and the third objection, based on foundation.  The court overruled the second objection, in which Ekberg's counsel simply argued, "Maybe he'd like to get back to the case that we have here."  On this record, we find no waiver of the issue raised by Ekberg.

**¶18**        On the merits, after reviewing the applicable record, Ekberg has shown no reversible error.  The verdict is supported by more than adequate evidence, *see Tryon*, 20 Ariz. App. at 140, and Ekberg has shown

5

no prejudice. In its final jury instructions, the superior court advised the jury that it was to determine the facts from the evidence presented and cautioned that "[t]he lawyers' questions and arguments are not evidence." We presume the jury followed the court's instructions. *See State v. LeBlanc*, 186 Ariz. 437, 439 (1996). Moreover, the superior court, having observed first-hand the witnesses and evidence presented, was best qualified to determine whether a new trial was warranted on the basis the jury acted out of passion or prejudice. On this record, Ekberg's generalized claim that the jury's verdict resulted from passion or prejudice is unsupported, and we have found no errors requiring reversal of the verdict and judgment. *See Brown*, 194 Ariz. at 88, ¶ 7; Ariz. R. Civ. P. 61.

IV. Attorneys' Fees and Costs on Appeal

**¶19** Both sides request attorneys' fees and costs on appeal. In our discretion, we decline to award attorneys' fees, and we deny M-14P's requests for sanctions, made both in its brief and separately by motion.[2] We do, however, award taxable costs to M-14P contingent upon its compliance with ARCAP 21.

**CONCLUSION**

**¶20** The judgment is affirmed.



---

[2] After the completion of briefing, counsel for M-14P filed a "Motion for Sanctions and Supplementation of the Record," asking this court to accept an FTR video clip and partial transcript of the beginning of the fourth day of trial, which was inadvertently not transcribed in the official reporter's transcript, as well as a transcript of deposition testimony played during trial. Ekberg did not object to supplementation of the record; accordingly, we grant the motion to supplement the record, but we deny the motion for sanctions.