468 P.2d 951

**PHOENIX RESPIRATOR & AMBULANCE SERVICE, INC., an Arizona corporation, Appellant,**

v.

**L. H. McWILLIAMS, Administrator of the Estate of Patricia McWilliams, deceased, as Administrator for and on behalf of the surviving husband, Norman McWilliams, and the surviving child Richard Busseuil, Appellee.**

No. 1 CA–CIV 1109.

Court of Appeals of Arizona, Division 1, Department B.

May 6, 1970.

Rehearing Denied June 9, 1970.
Review Denied July 14, 1970.

Snell & Wilmer, by George C. Wallach, Phoenix, for appellant.

George W. Oglesby, Phoenix, for appellee.

HAIRE, Judge.

Patricia McWilliams was killed in a collision between the ambulance in which she was riding as a passenger and a vehicle driven by one Stephanie McGuire. The decedent's administrator, on behalf of the surviving husband and son, sued the owner of the ambulance, Phoenix Respirator & Ambulance Service, Inc. (hereinafter Phoenix Respirator), and Stephanie McGuire, the driver of the other vehicle, for wrongful death. Jury trial resulted in the entry of judgment in plaintiff's favor against the defendant Phoenix Respirator, and Phoenix Respirator has appealed from

that judgment. No appeal or cross-appeal has been taken by plaintiff from the judgment entered in favor of defendant McGuire, and all subsequent references herein to defendant refer solely to defendant Phoenix Respirator.

The facts which are material to the disposition of this case are as follows: At the time the accident occurred, the decedent was being transported to a hospital in defendant's ambulance. The ambulance—its siren blaring and lights flashing—was heading west on Buckeye Road towards the County Hospital as it approached an intersection with an access road to the Black Canyon Highway. The intersection of Buckeye and the access road is controlled by electrically lighted traffic signals. The car driven by Stephanie McGuire approached the aforementioned intersection from the south. Both vehicles entered the intersection and collided.

There was conflicting evidence as to the color of the electrically lighted traffic signal for each direction of traffic at the time of the collision, but this conflict is not material to the resolution of this appeal. There was also a dispute as to whether or not defendant's ambulance slowed down before it entered the intersection. The bulk of the testimony was that the ambulance did, in fact, decelerate, but there was no testimony or contention that defendant's ambulance came to a full stop before entering the accident intersection. Based upon an ordinance of the City of Phoenix the trial court instructed the jury to the

effect that the failure of an emergency vehicle to come to a full stop at all traffic control devices requiring a stop under normal circumstances constituted negligence as a matter of law.[1] It is defendant's contention that the ordinance is invalid and that therefore the giving of this instruction constituted error.

The defendant contends that instead of giving an instruction based upon the city ordinance, the trial court should have instructed the jury in the language of a state statute, A.R.S. § 28–624, subsec. B, par. 2. This statute provides that the driver of an emergency vehicle may "[p]roceed past a red or stop signal or stop sign, but only after *slowing down* as may be necessary for safe operation." (Emphasis added).

The Phoenix ordinance is in conflict with the state statute in that it purports to require an emergency vehicle to come to a full stop while the state statute requires only such "slowing down as may be necessary for safe operation."

The primary thrust of defendant's contention relative to the foregoing is that the state, by enacting A.R.S. § 28–624 preempted regulation of the manner in which emergency vehicles are to approach, enter and pass through intersections equipped with a "red or stop signal or stop sign", and that therefore the City of Phoenix ordinance was invalid and it was improper for the court to base a jury instruction upon it. We agree that the ordinance is invalid, and that it was improper for the court to base a jury instruction upon it.

1. That portion of the questioned instruction which is material to the issues raised on appeal reads as follows:

"It may become necessary for you to consider in your deliberations certain laws of this state and ordinances of the city of Phoenix which were in effect at the time of the collision and which controlled the operation of the motor vehicles.

"The first one is the *City of Phoenix Ordinance:* A private emergency vehicle when in use in an emergency situation shall come to a full stop at all traffic control devices requiring a stop under normal circumstances, but may

then proceed immediately as long as life or property are [sic] not endangered by so proceeding.

\*     \*     \*     \*     \*

"Should you find that any party to this suit violated any of the foregoing laws, then that party would be negligent as a matter of law." (Emphasis added.

The aforementioned ordinance was, at the time of trial, § 37–23.02 of the Phoenix City Code (1962); the same language has been retained in the most recent code (see Phoenix City Code § 36–56 (1969)).

■ Our Supreme Court has said that both a city and state may legislate on the same subject when that subject is of local concern or when, though the subject is not of local concern, the charter or particular state legislation confers on the city express power to legislate thereon; but where the subject is of statewide concern, and the legislature has appropriated the field by enacting a statute pertaining thereto, that statute governs throughout the state, and local ordinances contrary thereto are invalid. Clayton v. State, 38 Ariz. 135, 297 P. 1037, rehearing denied, 38 Ariz. 466, 300 P. 1010 (1931); Keller v. State, 46 Ariz. 106, 47 P.2d 442 (1935); City of Phoenix v. Breuninger, 50 Ariz. 372, 72 P.2d 580 (1937).

■ We believe that the subject matter of A.R.S. § 28–624, regulation of emergency vehicles, is of no less statewide concern than the matters covered in other sections of this same chapter dealing with the operation of motor vehicles which were considered in Clayton, *supra* (driving under the influence of intoxicating liquor or narcotic drugs), or Keller, *supra* (reckless driving). The operation of motor vehicles being of statewide concern, the local ordinance is invalid because it clearly conflicts with the provisions of the state statute, A.R.S. § 28–624.

Any question which might exist as to whether the legislature intended to exclude conflicting local ordinances on this subject is answered by another statute found in the same chapter as A.R.S. § 28–624. This statute, A.R.S. § 28–626, reads as follows:

"The provisions of this chapter shall be applicable and uniform throughout this state and in all political subdivisions and municipalities therein and no local authority shall enact or enforce any ordinance, rule or regulation in conflict with the provisions of this chapter unless expressly authorized by this chapter. Local authorities may, however, adopt additional traffic regulations which are not in conflict with the provisions of this chapter."

Exceptions to the foregoing statute are provided for in A.R.S. § 28–627. However none of these exceptions purports to allow the enactment of conflicting local ordinances regulating emergency vehicles.

Plaintiff argues that the rule of City of Phoenix v. Breuninger, *supra*, as interpreted in dicta in City of Tucson v. Arizona Alpha of Sigma Alpha Epsilon, 67 Ariz. 330, 195 P.2d 562 (1948), allows cities to enact ordinances covering the same subject matter as a state statute so long as the city's ordinance is more stringent. While it is clear that the Phoenix ordinance is more demanding than the state statute, City of Phoenix v. Breuninger, *supra*, must of course be read in the light of the factual situation upon which it was based. In that case the legislature had enacted a statute which by its express language allowed municipalities to enact ordinances more stringent than the state legislation, and further allowed such ordinances to supersede the state legislation. (See 50 Ariz. at 376, 72 P.2d 580). It is therefore clear that City of Phoenix v. Breuninger, *supra*, is not authority for the proposition plaintiff asserts where—as here—the legislature has not expressly provided for municipal ordinances to supersede less demanding state statutes.

■ Although plaintiff's counsel raises the foregoing arguments concerning the validity of the ordinance, he candidly admits that it is inconsistent with the state statute and that therefore it was probably error for the court to instruct upon the ordinance rather than upon the state statute.[2] Plaintiff, however, contends that the instructions must be considered as a whole and because of other correct instructions concerning right-of-way, prudent speed, control of vehicle and due care, " * * * it does not appear that the jury was misled as to the law." We are unable to agree. Viewing the instruction from defendant

2. The complained of instruction was not requested by counsel for plaintiff, but rather, was requested by counsel for defendant McGuire.

Phoenix Respirator's standpoint, the jury had no reason to consider whether or not the ambulance driver exercised prudent speed, proper control or due care. By means of the erroneous instruction, the jury had been told that if the light was red and the ambulance did not stop, then the defendant Phoenix Respirator was negligent as a matter of law. Under this posture of the case, the giving of the foregoing instruction was too pervasive an error to be ameliorated by anything less than never having given it.

Having concluded that we must reverse and remand this matter to the trial court, one further comment is in order.

 Plaintiff requests in his brief that if the judgment against defendant Phoenix Respirator is reversed, the cause be remanded for a new trial as to all parties, including defendant McGuire. It will be recalled that the judgment of the trial court was in favor of defendant McGuire and that plaintiff did not appeal or cross-appeal therefrom. We know of no authority which would authorize this Court to enter an order binding upon a party not before it. The judgment in favor of defendant McGuire has long since become final. Through the filing of a timely notice of appeal, plaintiff had an appropriate remedy to prevent the occurrence of the unfortunate situation in which he now finds himself. Plaintiff urges that A.R.S. § 12–2103 is applicable and authorizes this Court to render such order as the court below should have rendered. In our opinion that statute must be interpreted as applying only to the parties before the Court on the appeal. Inasmuch as defendant McGuire is not before this Court, we cannot take any action which directly affects his rights under a judgment which has become final. If because of our decision herein, some legal reason exists which would justify setting aside that judgment against McGuire and requiring a new trial, then in our opinion such remedy can only be considered in a proceeding in which defendant McGuire is given notice and an opportunity to be

heard. The foregoing is not to be construed as indicating an opinion on the part of this Court that any such remedy is available.

The judgment of the trial court against defendant Phoenix Respirator is reversed and the matter is remanded to the trial court for such further proceedings as may be appropriate.

EUBANK, P. J., and JACOBSON, J., concur.