602 P.2d 827

The STATE of Arizona ex rel. Andy BAUMERT, Phoenix City Attorney, Petitioner,

v.

The MUNICIPAL COURT OF THE CITY OF PHOENIX, Arizona, and The Honorable Donald Holroyd, Judge thereof; The Superior Court of the State of Arizona for Maricopa County and The Honorable Stephen H. Scott, Judge thereof; and Deborah A. Davis, and Ray Brice, Defendants and Real Parties in Interest, Respondents.

No. 1 CA–CIV 4917.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 18, 1979.

Rehearing Denied Nov. 2, 1979.

Andrew Baumert III, Phoenix City Atty. by Michael R. Arkfeld, Asst. City Pros., Phoenix, for petitioner.

Donald E. Birchett, Tempe, for respondents Davis and Brice.

## OPINION

FROEB, Judge.

Respondents and real parties in interest Ray Charles Brice and Deborah Anne Davis were arrested in the City of Phoenix on January 23, 1979, and February 13, 1979, respectively, for solicitation of indecent exposure, a violation of Phoenix City Code § 23–66(b). In Phoenix Municipal Court the real parties in interest successfully moved for dismissal of the charges on grounds that the city ordinance was preempted by state statutes dealing with indecent exposure (A.R.S. § 13–1402) and solicitation (A.R.S. § 13–1002). The dismissal was affirmed in Superior Court on special action brought in the name of the state by the city, whereupon the city sought special action relief in this court.

### PHOENIX CITY CODE § 23–66 IS IN CONFLICT WITH A.R.S. § 13–1402

The Phoenix City Code § 23–66(a) defines the crime of indecent exposure. Under the ordinance the exposure must have been willful and indecent and done in a public place. Exception is made for "[A] live public performance as defined in [Phoenix City Code] Section 23–67." Subsection (b) of § 23–66 penalizes solicitation of "[A]ny exposure proscribed by (a)." [1]

We find that subsection (a) is in conflict with A.R.S. § 13–1402, the state statute on

---

1. Sec. 23–66. Indecent exposure.

   (a) It is a misdemeanor for any person to wilfully and indecently expose with less than a fully opaque covering his genitals, pubic area, anus or the areola or nipple of the female breast in any public place or any place open to public view. This ordinance shall not apply to a live public performance as defined in Section 23–67.

   (b) It is a misdemeanor for any person to solicit any exposure proscribed by (a).

indecent exposure, in a number of ways.[2] The statute requires the presence of another person who "[A]s a reasonable person, would be offended or alarmed by the act." The ordinance contains no requirement of another person, only that the exposure be in a public place or place open to public view. The statute requires that the exposure to the other person be reckless, while the ordinance requires the exposure be willful. Under the statute an indecent exposure could occur in a private place if the "reasonable person" were offended or alarmed by it, whereas the ordinance requires the exposure be in a "public place."

Since subsection (a) of the ordinance purports to regulate essentially the same behavior specifically covered by the statute, and does so using a definition which conflicts with the statute, it is invalid. *Phoenix Respirator and Ambulance Service, Inc. v. McWilliams*, 12 Ariz.App. 186, 468 P.2d 951 (1970); *People v. Conte*, 64 Misc.2d 573, 315 N.Y.S.2d 348 (1969).

The city argues that where there is authority to act, an ordinance may parallel, *Flagstaff Vending Co. v. City of Flagstaff*, 118 Ariz. 556, 578 P.2d 985 (1978), or even go beyond, *Hislop v. Rogers*, 54 Ariz. 101, 92 P.2d 527 (1939), *State ex rel. DeConcini v. Gatewood*, 10 Ariz.App. 274, 458 P.2d 368 (1969), the provisions of a statute. But it is clear that this rule only applies where there is *no conflict* between the ordinance and the statute, not the case here.

### THE PREEMPTION ISSUE

Respondents argue that the crime of indecent exposure has been preempted by the state statute, and that the city may not legislate in the area. The test for preemption has been set out in numerous Arizona cases. *Clayton v. State (on rehearing)*, 38 Ariz. 466, 300 P. 1010 (1931), *Flagstaff Vending Co. v. City of Flagstaff, supra, Phoenix Respirator and Ambulance Service, Inc. v. McWilliams, supra, State v. Jacobson*, 121 Ariz. 65, 588 P.2d 358 (App.1978). Preemption by the state would prevent any ordinance by the city making indecent exposure a crime, since under the doctrine of preemption the state would have appropriated the area. *Clayton v. State, supra*. We do not reach that question, however, since we have resolved the issue on the narrower ground of conflict between the ordinance and the statute.

### THE SOLICITATION ISSUE

The prosecutions in this case involved subsection (b) of Phoenix City Code § 23–66, prohibiting solicitation of the conduct described in subsection (a) of the ordinance. Since we have held that subsection (a) of the ordinance is invalid, it follows that subsection (b) is of no effect.

The behavior which the City of Phoenix sought to make criminal by code § 23–66 is the *solicitation* of an indecent act. While the state criminal code defines the crimes of indecent exposure (A.R.S. § 13–1402) and solicitation (A.R.S. § 13–1002),[3] it does not address itself to the conduct which § 23–66 sought to criminalize. At least in part, § 23–66 is intended to prohibit one person soliciting an indecent act by another when

---

2. A.R.S. § 13–1402:
   Indecent exposure; classification
   A. A person commits indecent exposure if he or she exposes his or her genitals or anus or she exposes the areola or nipple of her breast or breasts and another person is present, and the defendant is reckless about whether such other person, as a reasonable person, would be offended or alarmed by the act.
   B. Indecent exposure is a class 3 misdemeanor.
3. A.R.S. § 13–1002(A):
   Solicitation; classifications
   A person, other than a peace officer acting in his official capacity within the scope of his authority and in the line of duty, commits solicitation if, with the intent to promote or facilitate the commission of a felony or misdemeanor, such person commands, encourages, requests or solicits another person to engage in specific conduct which would constitute the felony or misdemeanor or which would establish the other's complicity in its commission. If the offense is completed, such person shall be accountable as prescribed by § 13–303.

no other person is present. In this situation, no crime is committed under the state criminal code because A.R.S. § 13–1402 requires, for indecent exposure, another person who "[A]s a reasonable person, would be offended or alarmed by the act." Where only two persons are involved, the offended person would have to be the person making the solicitation. It is obvious that this is a contradiction since the one soliciting could not reasonably claim to be offended or alarmed if the indecent act occurs. There is, therefore, a narrow area here not addressed by state law which is open for criminal sanction by a municipal ordinance. While we have held the city may not enact an ordinance defining the crime of indecent exposure which conflicts with A.R.S. § 13–1402, it may criminalize an act of solicitation not covered by state law. *Hislop v. Rogers, supra, State v. Gatewood, supra.* The authorization for the City of Phoenix to do so is found in A.R.S. § 9–240 [4] and the Phoenix City Charter, Chapter IV, §§ 1 and 2(34). [5]

### PENALTY ISSUE

Respondents argue that Phoenix City Code § 23–66 also conflicts with state statutes because it prescribes that a violation of the section is a class one misdemeanor subjecting a person upon conviction to a maximum sentence of 180 days in jail or a fine of $1,000.00 or both, whereas under A.R.S. § 13–1402 and § 13–1002 soliciting and indecent exposure would be a class three misdemeanor subjecting a person upon conviction to a maximum sentence of 30 days in jail or a fine of $300.00 or both. Although the argument may well have merit that the state statute prescribing the penalty for solicitation creates an upper limitation on the penalty for a solicitation crime enacted under a city ordinance, we need not reach this question in view of our determination that the city ordinance is invalid on other grounds.

For the reasons stated, we affirm the determination of the Superior Court that § 23–66 of the Phoenix City Code is invalid. Petitioner's prayer for relief is denied.

HAIRE and EUBANK, JJ., concur.

4. A.R.S. § 9–240:
    A. The common council shall have control of the finances and property of the corporation.
    B. The common council shall also have power within the limits of the town:
    28. (a) To make, amend or repeal all ordinances necessary or proper for the carrying into effect of the powers vested in the corporation, or any department or officer thereof.
    (b) To enforce the observance of such ordinances, and to punish violations thereof by fine or imprisonment, or both, and by confinement at hard labor, in the discretion of the magistrate or court before whom a conviction may be held, but no fine shall be imposed exceeding three hundred dollars, nor imprisonment or confinement at hard labor exceeding three months.

5. Phoenix City Charter, Chapter IV, §§ 1 and 2(34);
    Sec. 1. Legislative powers.
    The legislative powers of the City of Phoenix shall be vested in and exercised by the council except as herein limited or reserved to the electors of the city. The legislative powers of the city shall extend to all rightful subjects of legislation not forbidden by the constitution of the United States, the constitution or laws of the State of Arizona, or the provisions of this Charter.
    Sec. 2. Powers enumerated.
    As the legislative organ of the City of Phoenix, the council, subject to the provisions and restrictions of this Charter, shall have the power by proper ordinances or resolutions, to carry out each and every power, right and privilege herein and hereby vested in the City of Phoenix, and by such legislation to enforce said rights, powers and obligations, and to secure the performance of all obligations and indebtedness to others. And in addition to the powers hereinabove enumerated and referred to, the city, and the council acting for and in its behalf, shall have the further powers hereinafter enumerated and set forth, to-wit:

    \*    \*    \*    \*    \*    \*

    (34) *Vagrants, prostitutes, etc.; offensive, indecent, etc., conduct.* To regulate, restrain and punish vagrants, mendicants, lewd persons and prostitutes; to prevent and punish drunkenness, prize fights, and all offensive, immoral, indecent and disorderly conduct and practices in the city.