32 P.3d 31

**CITY OF TEMPE, a municipal corporation, Plaintiff, Counterdefendant–Appellant,**

v.

**OUTDOOR SYSTEMS, INC., a Delaware corporation; Aaron Rents, Inc., a Georgia corporation; Newport Associates, Inc., a New Mexico corporation, Defendants, Counterclaimants–Appellees.**

No. 1 CA–CV–00–0242.

Court of Appeals of Arizona, Division 1, Department E.

Sept. 25, 2001.

C. Brad Woodford, Tempe City Attorney by Clifford L. Mattice, Assistant City Attorney, Tempe, for Plaintiff, Counterdefendant–Appellant.

Morrill & Aronson, P.L.C. by Martin A. Aronson and William D. Cleaveland, Phoenix, for Defendant, Counterclaimant–Appellee Outdoor Systems, Inc.

Jaburg & Wilk, P.C. by Stephen C. Rich, Phoenix, for Defendants, Counterclaimants–Appellees Aaron Rents, Inc. and Newport Associates, Inc.

## OPINION

GARBARINO, Presiding Judge.

¶ 1   The City of Tempe appeals from the trial court's grant of summary judgment dismissing the City's complaint against Outdoor Systems, Inc. (OSI), Aaron Rents, Inc., and Newport Associates, Inc. (collectively the Defendants).  The City's complaint alleged that OSI violated Arizona Revised Statutes (A.R.S.) § 9–462.02 (Supp.2000) and Tempe Zoning Ordinance No. 808 (1986) when it altered a billboard.  We affirm in part, vacate in part, and remand.

### FACTUAL AND PROCEDURAL HISTORY

¶ 2   The facts are not in dispute.  In 1983, the City issued a sign permit to erect a billboard.  OSI owns the billboard and leases space for it from Aaron Rents, Inc. and Newport Associates, Inc.

¶ 3   In 1986, the City enacted Ordinance No. 808 (the Ordinance), which outlawed non-

conforming signs within the city limits of Tempe. OSI's billboard became a non-conforming sign. The Ordinance grandfathered in existing signs and granted owners of non-conforming signs the right to continue using existing signs and to make "reasonable repairs or alterations" to those signs. Tempe, Ariz., Ordinance 808, § 1, pt. II(C)(3)(a) (1986).

¶ 4 In 1998, OSI paid Matt Yob, the owner of a sign maintenance company, $2240 to perform maintenance on the billboard. Mr. Yob performed the following tasks: 1) installed steel shims to correct its slanting posture; 2) painted the support columns; 3) removed other parts for painting and reinstallation; 4) replaced wood stringers with steel stringers; 5) severed two sets of steel cross-braces; 6) reattached parts of the billboard with new bolts; and 7) replaced the catwalks. After the work was completed, the City filed a declaratory action against OSI, Aaron Rents, and Newport Associates contending that OSI's work exceeded the permissible scope of A.R.S. § 9–462.02 and the Ordinance. The City requested that OSI be required to remove the billboard.

¶ 5 OSI, Aaron Rents, and Newport Associates filed separate answers. OSI counterclaimed alleging that the Ordinance violated the United States and Arizona Constitutions and OSI's non-conforming use rights, and that it was unenforceable because it was void for vagueness. OSI also claimed that the City's efforts to enforce the Ordinance had violated OSI's rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution and that OSI was therefore entitled to relief under 42 U.S.C. §§ 1983 (Supp. IV 1998) and 1988 (1994 & Supp. IV 1998).

¶ 6 OSI moved for summary judgment, and the City filed a cross-motion for summary judgment. By stipulation, Aaron Rents and Newport Associates joined OSI's motion for summary judgment. The court granted summary judgment in favor of OSI and dismissed the City's complaint, finding that the Ordinance was unconstitutionally vague as it applied to OSI. The court also granted the Defendants' request for attor-

neys' fees and expert witness fees. This appeal followed. We have jurisdiction pursuant to A.R.S. § 12–2101(B) (1994).

## DISCUSSION

I. *The Constitutionality of the City of Tempe Ordinance*

¶ 7 "[I]ssues involving interpretation of statutes or ordinances are questions of law subject to this court's *de novo* review." *Whiteco Outdoor Adver. v. City of Tucson,* 193 Ariz. 314, 316–17, ¶ 7, 972 P.2d 647, 649–50 (App.1998). In addition, the constitutionality of a statute or ordinance becomes an issue only if it is necessary to resolve the issue to decide the case. *R.L. Augustine Constr. Co. v. Peoria Unified Sch. Dist. No. 11,* 188 Ariz. 368, 370, 936 P.2d 554, 556 (1997); *Goodman v. Samaritan Health Sys.,* 195 Ariz. 502, 505, ¶ 11, 990 P.2d 1061, 1064 (App.1999) ("It is sound judicial policy to avoid deciding a case on constitutional grounds if there are nonconstitutional grounds dispositive of the case.").

¶ 8 We conclude that the case can be resolved without addressing the Ordinance's constitutionality because there are other non-constitutional grounds upon which this matter can be fairly decided. *See infra* Part II, ¶¶ 9–13. We vacate the trial court's judgment to the extent it found that the Ordinance is unconstitutional.

II. *The Conflict Between the Ordinance and A.R.S. § 9–462.02*

¶ 9 When an ordinance regulates an area that is also regulated by state statute, the ordinance may parallel the statute or even reach beyond the parameters of the statute so long as the ordinance does not conflict with the statute. *State ex rel. Baumert v. Mun. Court of Phoenix,* 124 Ariz. 159, 161, 602 P.2d 827, 829 (App.1979). When there is an actual conflict between a statute and an ordinance, and the legislation involves an area of statewide importance, the state statute prevails and the ordinance is invalid. *City of Scottsdale v. Scottsdale Associated Merchs. Inc.,* 120 Ariz. 4, 5, 583 P.2d 891, 892 (1978); *City of Tucson v. Consumers for Retail Choice Sponsored by Wal–Mart,* 197

Ariz. 600, 602, ¶ 6, 5 P.3d 934, 936 (App.2000). "Zoning regulation is a matter of statewide concern." *Scottsdale Associated Merchs.*, 120 Ariz. at 5, 583 P.2d at 892.

¶ 10  In this case, not only does the Ordinance conflict internally, it also conflicts with A.R.S. § 9–462.02. *Compare* Tempe, Ariz., Ordinance 808, § 1, pt.  II(C)(3)(d) (1992) *with id.*, § 1, pt.  II(C)(3)(a) *and* A.R.S. § 9–462.02(A).  The controlling state statute regarding non-conforming property provides:

> Nothing in an ordinance or regulation authorized by this article shall affect existing property or the right to its continued use for the purpose used at the time the ordinance or regulation takes effect, *nor to any reasonable repairs or alterations in buildings or property* used for such existing purpose.

A.R.S.  § 9–462.02(A)  (emphasis  added). Tempe's Ordinance also provides that reasonable repairs and alterations may be made to non-conforming property.  Tempe, Ariz., Ordinance 808, § 1, pt.  II(C)(3)(a).  But then the Ordinance in section 1, part II(C)(3)(d) appears to contradict itself and the statute when it states that "[a]ll nonconforming signs may be maintained, *but shall not be altered in any way ....*" Clearly the state statute allows for reasonable alterations.  The Ordinance first allows, and then forbids any alteration including, ostensibly, those alterations that are reasonable.  The Ordinance's proscription of any alterations  conflicts  with  A.R.S.  § 9–462.02(A), which provides that no ordinance "shall affect ... the right [of an owner] to [make] any reasonable repairs or alterations."

¶ 11  Although the Ordinance and the statute conflict, "[w]e will avoid finding an ordinance invalid on the ground of conflict with a state statute 'if a reasonable interpretation of the ordinance' will do so." *State v. Crisp*, 175 Ariz. 281, 284, 855 P.2d 795, 798 (App.1993) (quoting *Fendler v. Texaco Oil Co.*, 17 Ariz.App. 565, 570, 499 P.2d 179, 184 (1972)).  In our view, however, section 1, part II(C)(3)(d) of the Ordinance cannot be reasonably interpreted to avoid a conflict.  The legislature's intent is clear with respect to the permissible scope of municipal ordinances that purport to govern non-conforming property uses.  The message is that *no* ordinance *shall* interfere with a nonconforming property owner's right to make reasonable alterations.  The Ordinance's blanket prohibition against making *any* alterations to non-conforming signs cannot be interpreted in harmony with the opposite mandate of the state statute.  Because the statute controls over the Ordinance, A.R.S. § 9–462.02 prevails and the conflicting language of the Ordinance is deemed invalid.  *State v. Prentiss*, 163 Ariz. 81, 86–87, 786 P.2d 932, 937 (1989) (striking unconstitutional language in a statute while upholding the remainder of the statute).

¶ 12  We need not invalidate the entire Ordinance if the invalid portion can be severed from the remaining valid portions of the Ordinance.  *Randolph v. Groscost*, 195 Ariz. 423, 426–27, ¶ 13, 989 P.2d 751, 754–55 (1999).  Determining whether an invalid portion of an ordinance is severable requires us to first "consider whether that portion of an [ordinance] remaining after we sever the invalid portion is independent of the invalid part and enforceable standing alone." *Id.* at 427, ¶ 14, 989 P.2d at 754.  If the remaining part of the legislation can stand without the invalid language, we will enforce the remaining portion "if the valid and invalid portions are not so intimately connected as to raise the presumption the [City] would not have enacted one without the other, and the invalid portion was not the inducement of the [ordinance]." *Id.* (quoting *State ex rel. Napolitano v. Brown*, 194 Ariz. 340, 344, 982 P.2d 815, 819 (1999)).

¶ 13  The offending phrase in section 1, part II(C)(3)(d) of the Ordinance that conflicts with A.R.S. § 9–462.02 can be isolated. Excising the offending words—"altered in any way"—does not render the remainder of that section, or the rest of the Ordinance, unenforceable.  It appears that the conflicting language was added as an amendment to the original Ordinance and that it is neither inextricably intertwined with, nor interdependent on, the remaining sections of the Ordinance.  It would be illogical to argue that the amendment to the Ordinance in-

duced enactment of the Ordinance in the first instance. We hold that the phrase "altered in any way" in section 1, part II(C)(3)(d) of the Ordinance is invalid because it conflicts with A.R.S. § 9–462.02. The remainder of the Ordinance remains unaffected by this determination.

### III. *The Trial Court's Entry of Summary Judgment Against the City*

¶ 14 On appeal from a summary judgment, "we must determine whether there is a genuine issue of disputed material fact and, if not, whether the trial court correctly applied the substantive law." *In re Estate of Johnson,* 168 Ariz. 108, 109, 811 P.2d 360, 361 (App.1991). We view the facts de novo and in the light most favorable to the non-moving party. *Estate of Hernandez ex rel. Hernandez–Wheeler v. Flavio,* 187 Ariz. 506, 509, 930 P.2d 1309, 1312 (1997). "We may affirm a summary judgment even if the trial court reached the right result for the wrong reason." *Guo v. Maricopa County Med. Ctr.,* 196 Ariz. 11, 15, ¶ 16, 992 P.2d 11, 15 (App.1999).

¶ 15 Reviewing the trial court's actions in light of our holding, we must first determine if OSI's activities fell within the permissible parameters of A.R.S. § 9–462.02 and the Ordinance, after excising the offending language. The trial court concluded that no reasonable finder of fact could conclude that OSI's activities exceeded the permissible scope of the statute and the Ordinance. We agree.

¶ 16 Both the statute and the Ordinance provide that nonconforming property owners may make "reasonable repairs or alterations." A.R.S. § 9–462.02(A); Tempe, Ariz., Ordinance 808, § 1, pt. II(C)(3)(a). The Ordinance further provides that legal, nonconforming signs damaged to the extent of more than 50% of reproduction value must be removed or *altered* in accordance with the Ordinance. Tempe, Ariz., Ordinance 808, § 7, pt. I(D)(6) (1987).

¶ 17 In interpreting the term "repair," the trial court relied upon dictionary definitions. According to these sources, "repair" "contemplates an existing structure or thing which has become imperfect, and means to supply in the original existing structure that which is lost or destroyed, and thereby restore it to the condition in which it originally existed, as near as may be." *Black's Law Dictionary* 900 (6th ed.1991); *see also The American Heritage Dictionary of the English Language* 1529 (3rd ed.1992) (defining "repair" as follows: "1. To restore to sound condition after damage or injury; fix ... 2. To set right; remedy ... 3. To renew or revitalize.").

¶ 18 The word "alteration" has been defined by this Court to mean "a change or modification made on a building that does not increase its exterior dimensions." *Gannett Outdoor Co. of Ariz. v. City of Mesa,* 159 Ariz. 459, 463, 768 P.2d 191, 195 (App.1989) (quoting *Webster's New International Dictionary* (3d ed.1966)). The word "alter" means "to cause to become different in some particular characteristic (as measure, dimension, course, arrangement or inclination) without changing into something else." *Id.*

¶ 19 This is not the first time we have been called upon to analyze these terms. In *Motel 6 Operating Ltd. Partnership v. City of Flagstaff,* 195 Ariz. 569, 991 P.2d 272 (App.1999), we held that updating a nonconforming sign to reflect current company logos and shopping center tenants is a reasonable alteration under A.R.S. § 9–462.02. *Id.* at 572, ¶ 14, 991 P.2d at 275. We explained that the owners of the non-conforming sign had not sought to alter the use or structure of the signs in any way. *Id.* In *Gannett,* where the plaintiffs sought to completely dismantle the original structure and replace it with a new structure, we found that a sign owner's proposed actions did exceed the statute's scope. *Gannett,* 159 Ariz. at 463–64, 768 P.2d at 195–96. Because we held that "alterations" cannot be defined to encompass the destruction of a billboard and the building of a new billboard, we concluded that the City of Mesa acted within its discretion by denying Gannett the permits it sought. *Id.* at 464, 768 P.2d at 196.

¶ 20 This Court applied *Gannett* to another municipal suit in *City of Tucson v. Whiteco Metrocom, Inc.,* 194 Ariz. 390, 983 P.2d 759 (App.1999). In *Whiteco Metrocom,*

we affirmed the trial court's order to remove two billboards after Whiteco replaced the original twin I-beam support structure with a uni-pole structure without first obtaining a permit. *Id.* at 397–98, ¶¶ 27–29, 983 P.2d at 766–67. We held that this action did not constitute a "reasonable repair" under A.R.S. § 9–462.02.

¶ 21 Applying these principles to this case, we conclude that all the contested work qualifies as reasonable repairs or alterations under the Ordinance as conformed and A.R.S. § 9–462.02. The following analysis explains how the relevant cases and definitions apply to each activity.

### A. *Installation of Steel Shims*

¶ 22 OSI installed steel shims in the billboard's head connection to correct a slight tilt to the south. This action falls squarely within the definition of "alter" in that it changed the inclination of the billboard without making it into something else. Moreover, expert testimony supported OSI's argument that the method used was a common practice for correcting the tilt and did not adversely affect the structural integrity of the billboard. Dan Bingham, the engineer who originally designed the billboard, testified that installation of a shim plate had no structural impact.

### B. *Removing Parts For Painting At Another Location And Reinstalling Them*

¶ 23 During oral argument on OSI's motion for summary judgment, the City agreed with the trial court that removing component parts for painting was "not a problem." Because the City conceded this issue in the trial court, it cannot be resurrected on appeal. *See Carrasco v. Carrasco,* 4 Ariz.App. 580, 583, 422 P.2d 411, 414 (1967) (precluding the appellant from reviving a claim that the appellant had abandoned at trial).

### C. *Replacing Wood Stringers With Steel Stringers*

¶ 24 The City also complains that OSI replaced wood stringers with steel stringers. Stringers are horizontal wood strips measuring 3″ by 3″ that attach to the metal uprights and provide a place on which to hang the billboard's panels. At one point during the maintenance work, Mr. Yob installed stringers made of steel angles instead of wood, but he immediately reinstalled the wood stringers at OSI's request. Accordingly, any concern that the City may have had on this point is moot. The stringers did not support the billboard's face panels and their replacement was not related to the support structure.

### D. *Severing Two Sets Of Steel Cross–Bracing*

¶ 25 Mr. Bingham testified that he originally added steel rods as construction aids. The rods' only function was to stabilize the uprights during the sign's erection and they are not needed to secure the structural integrity of a completed billboard. When it became apparent that these rods interfered with maintenance of the billboard, they were removed. The removal of the rods does not qualify as a structural change or an impermissible alteration.

### E. *Using New Bolts To Reattach Billboard Parts*

¶ 26 The City next complains that OSI used a different method to reattach aprons, which are non-structural components used to cover up the sign structure below its face. Rather than replacing the power-driven fasteners, OSI used bolts. Because this work involves replacement of an aesthetic part of the structure and does not fall within the parameters of *Gannett* or *Whiteco Metrocom,* we hold that it was a reasonable alteration.

¶ 27 The City contends that other bolting was improper in other respects and alleges that there is no evidence that OSI used the same types of bolts. OSI correctly points out, however, that it was the City's burden to provide this evidence to the trial court. There is no evidence in the record on this issue and the City has failed to meet its burden.

### F. *Replacing Catwalks*

¶ 28 The City also complains that Mr. Yob impermissibly removed a weathered

plank from the billboard's catwalk and replaced it. In 1995, the City's senior sign inspector testified that replacing a catwalk would not affect non-conforming rights. He again testified that it is permissible to remove and repaint or replace a catwalk's boards. Accordingly, it appears that the City's inspector has conceded that the catwalk repairs were permissible.

¶ 29 In any event, the record indicates that workers use catwalks to obtain access to the billboard. This repair involves safety issues and unrelated to the billboard's structural integrity. We conclude that this work fell within the "reasonable repairs or alterations" clauses of both A.R.S. § 9–462.02(A) and the Ordinance, section 1, part II(C)(3)(a).

¶ 30 The trial court did not err by determining that no reasonable finder of fact could conclude that OSI's activities were anything other than permissible and that OSI was entitled to judgment as a matter of law. We affirm the trial court's judgment to the extent its decision was based on the meaning of reasonable repairs or alterations as contained in the Ordinance and the statute.

IV. *Attorneys' Fees Awarded Pursuant to 42 U.S.C. § 1988(b) and A.R.S. § 12–348*

¶ 31 The City also appeals the trial court's award of attorneys' fees pursuant to 42 U.S.C. § 1988(b) in favor of the Defendants. We review entitlement to attorneys' fees and the amount of an award for an abuse of discretion. *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 571, 694 P.2d 1181, 1185 (1985). We will sustain the award if there is a reasonable basis for doing so. *Id.*

¶ 32 United States Code § 1988(b) provides that "[i]n any action or proceeding to enforce" U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee ...." The United States Supreme Court has determined that Congress intended U.S.C. § 1988 to apply to any action for which U.S.C. § 1983 provides a remedy. *See Maine v. Thiboutot*, 448 U.S. 1, 9–10, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980).

¶ 33 The Defendants' U.S.C. § 1983 claim, however, was not decided by the trial court. Moreover, because we conclude that the trial court erred by declaring the Ordinance unconstitutional when dispositive non-constitutional grounds existed and because the Defendants should not have prevailed based upon an alleged violation of the federal Constitution, U.S.C. § 1983 does not provide a remedy or a basis for relief. The trial court's award of attorneys' fees pursuant to U.S.C. § 1988(b) is therefore vacated.

¶ 34 The trial court also awarded OSI $10,000 in expert witness fees pursuant to A.R.S. § 12–348. Without providing authority to support their position, the City complains that this award is excessive. In light of the substantial amount of expert witness fees expended as a result of the City's actions against the Defendants, the trial court did not abuse its discretion by awarding $10,000 in expert witness fees to OSI. The award of OSI's expert witness fees pursuant to A.R.S. § 12–348 is affirmed.

¶ 35 Aaron Rents and Newport Associates were also awarded U.S.C. § 1988(b) attorneys' fees. Aaron Rents and Newport Associates prevailed only by virtue of having joined OSI in its successful motion for summary judgment. They are still prevailing parties, however, and, as such, are entitled to receive attorneys' fees and other fees pursuant to A.R.S. § 12–348. We vacate the award of attorneys' fees granted pursuant to 42 U.S.C. § 1988. We remand to the trial court for a determination of the fees that Aaron Rents and Newport Associates may be entitled to pursuant to A.R.S. § 12–348.

V. *Attorneys' Fees on Appeal*

¶ 36 The Defendants each request an award of attorneys' fees on appeal pursuant to 42 U.S.C. § 1988(b) and A.R.S. § 12–348. The Defendants' request for an award of attorneys' fees pursuant to 42 U.S.C. § 1988(b) is denied. The Defendants' request for an award of attorneys' fees on appeal pursuant to A.R.S. § 12–348 is granted pending the Defendants' compliance with Rule 21(c) of the Arizona Rules of Civil Appellate Procedure.

## CONCLUSION

¶ 37 We conclude that section 1, part II(C)(3)(d) of Tempe's Ordinance 808 conflicts with A.R.S. § 9–462.02(A). To bring the Ordinance into harmony with the statute, we hold that the words "altered in any way," contained in the Ordinance at section 1, part II(C)(3)(d), are invalid. We affirm the trial court's entry of summary judgment in favor of the Defendants, we vacate the trial court's finding that the Ordinance is unconstitutional, and we vacate the award of attorneys' fees to the extent the award was based on 42 U.S.C. § 1988(b). We affirm the award of expert witness fees in favor of OSI pursuant to A.R.S. § 12–348, and we remand for consideration of Aaron Rents' and Newport Associates' entitlement to attorneys' and other fees pursuant to A.R.S. § 12–348.

CONCURRING: RUDOLPH J. GERBER, Judge, and REBECCA WHITE BERCH, Judge.