IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | |
|---|---|
| PAUL and MAUREEN MACKEY, husband and wife; BETTY GAIL SCHUESSLER, a single person; and BRUCE BAYLY, an unmarried man, | 2 CA-CV 2004-0050 DEPARTMENT A |
| | O P I N I O N |
| Plaintiffs/Appellants, | |
| v. | |
| MAYOR and COUNCIL OF THE CITY OF TUCSON, governing body of the City of Tucson, | |
| Defendants/Appellees. | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C20034747

Honorable John F. Kelly, Judge

AFFIRMED

John S. O'Dowd                                                     Tucson

    and

Anthony Ching                                                      Tempe
                                 Attorneys for Plaintiffs/Appellants

Michael Rankin, Tucson City Attorney
  By Tobin Rosen                                                   Tucson
                                 Attorneys for Defendants/Appellees

H O W A R D, Presiding Judge.

¶1          Appellants Paul and Maureen Mackey, Betty Gail Schuessler, and Bruce Bayly (collectively, the Mackeys) appeal from the trial court's judgment denying special action relief on their complaint, in which they had sought to void appellee City of Tucson's transfer of title to a portion of a street and to enforce certain notice requirements for the sale of public roadways. Finding that the City exchanged the roadway and, therefore, was not required to comply with the procedural requirements for a sale, we affirm.

¶2          The relevant facts are undisputed. The City of Tucson, a charter city, conveyed part of a public street to a third party in exchange for title to a different parcel of land that the City needed for certain planned roadway improvements. To account for a $44,000 difference in the property values, the third party also agreed to develop a small park-like area on a portion of the land the City had transferred. The City did not post notices required by statute for a sale of a roadway or notify adjoining landowners of this transaction. The Mackeys, residents of the neighborhood where the property is located, filed a complaint for special action relief asking the court to void the "sale" of the City's property and to require the City to comply with the notice requirements of A.R.S. § 28-7204(C) if it attempted to "sell" the property again. After hearing arguments, the trial court determined that the transaction involved the disposition of city property, which was a matter of local concern not governed by the state statute, and moreover, that the transaction constituted an exchange under A.R.S. § 28-7203 and, thus, was not covered by the notice and preference rights for a sale under § 28-7204. This appeal followed.

2

¶3       Preliminarily, relying on *ASH, Inc. v. Mesa Unified School District No. 4*, 138 Ariz. 190, 673 P.2d 934 (App. 1983), the City argues that this appeal is moot because the Mackeys did not post a supersedeas bond, the transaction has been completed,[1] and the third party to whom the property was transferred is not a party to this action. The Mackeys, however, request that this court decide the matter, arguing it is one of substantial public interest that is capable of repetition without judicial review.

¶4       In *ASH*, the plaintiff sought to invalidate a contract for the sale of school buses from a third party to the Mesa Unified School District. *Id*. at 191, 673 P.2d at 935. On appeal, the district contended that, because the contract with the third party had been fully executed, the plaintiff's request that the court declare the contract void and issue a writ of mandamus requiring the district to award the contract to ASH was moot. *Id*. This court agreed that the issue was moot, but stated that an appellate court may hear matters that are otherwise moot "if the matter is of considerable public importance or the principle involved is a continuing one." *Id*. Finding that the plaintiff had not posted a supersedeas bond or requested a stay, however, the court concluded that the plaintiff had failed to adequately preserve the issue for appeal. *Id*. at 192, 673 P.2d at 936.

¶5       In response, the Mackeys point to *Big D Construction Corp. v. Court of Appeals*, 163 Ariz. 560, 562-63, 789 P.2d 1061, 1063-64 (1990), in which our supreme

---

[1]Although the fact that the transaction was completed does not appear in the record, the City requests that we take judicial notice of the deed as a public record. *See* Ariz. R. Evid. 201, 17A A.R.S. Furthermore, the Mackeys do not dispute that the transaction has been completed.

court determined that Arizona has no constitutional provision preventing courts from considering moot issues, that mootness is a "matter of prudential or judicial restraint," and that the court may consider otherwise moot cases involving significant questions of public importance that are likely to recur.

¶6    Here, the Mackeys did not post a supersedeas bond or request a stay to preserve the issue. But the Mackeys are not seeking to vindicate a private right, as in *ASH*; instead, they are attempting to clarify the public's right to notice of a sale or exchange of a public street. And, as the Mackeys note, because the City interprets the statutes as either inapplicable or as not requiring notice for this type of transaction, this issue is capable of repetition and could again evade judicial review. Accordingly, we exercise our discretion and reach the merits of this appeal. *See Big D Constr.*

¶7    The Mackeys argue that, because both parcels of property were appraised, a monetary value was assigned to each, and additional consideration was transferred, the transaction between the City and the third party is a sale pursuant to § 28-7204, which requires notice to the public when a public roadway is sold. The Mackeys further contend § 28-7204 is a "general law of state concern" that trumps any conflicting provisions in the city charter and, thus, must apply here. The City responds that the transaction is a matter of solely local concern to which the state statute does not apply. *See City of Tucson v. Ariz. Alpha of Sigma Alpha Epsilon*, 67 Ariz. 330, 195 P.2d 562 (1948). The City also argues that, even if the state law does apply, the transaction was actually an exchange under § 28-7203, which does not require any notice.

4

¶8	When confronted with more than one basis on which to rest our decision, we generally attempt to decide issues on the narrowest ground, which, in this case, is whether the transaction was a sale or an exchange under the applicable statutes. *See Hill v. Peterson*, 201 Ariz. 363, ¶ 1, 35 P.3d 417, 418 (App. 2001); *Towne Dev. of Chandler, Inc. v. Superior Court*, 173 Ariz. 364, 367 n.6, 842 P.2d 1377, 1380 n.6 (App. 1992). Further, the authority of a charter city on matters of solely local concern has constitutional underpinnings. *See McMann v. City of Tucson*, 202 Ariz. 468, ¶ 8, 47 P.3d 672, 675-76 (App. 2002). And we avoid deciding cases on constitutional grounds if nonconstitutional grounds are dispositive. *City of Tempe v. Outdoor Sys., Inc.*, 201 Ariz. 106, ¶ 7, 32 P.3d 31, 34 (App. 2001). Therefore, we first review the issue of whether the transaction was a sale or an exchange. We review questions of law and issues of statutory interpretation de novo. *Koller v. Ariz. Dep't of Transp.*, 195 Ariz. 343, ¶ 8, 988 P.2d 128, 130 (App. 1999).

¶9	Under § 28-7203, a city may exchange, "with an abutting owner," "[a] roadway or portion of a roadway . . . for all or part of a new public roadway." And § 28-7204 permits a city to sell a public roadway, but imposes certain notice requirements and grants abutting landowners a preference in the sale. The City implicitly agrees that it did not meet the notice requirements of § 28-7204, but claims that the transaction was, in fact, a § 28-7203 exchange.[2]

---

[2]The Mackeys do not dispute that the exchange was for "all or part of a new public roadway" or that the third party was an "abutting owner." § 28-7203.

¶10        The Mackeys point out that the fair market value of the land transferred to the third party was $44,000 greater than the fair market value of the land that the City received and that the City therefore received, in addition to the land, an agreement that the third party would develop a small park.  Relying on *Fain Land & Cattle Co. v. Hassell*, 163 Ariz. 587, 790 P.2d 242 (1990), they contend that the specific dollar amount assigned to the difference in fair market values and the presence of the additional agreement rendered the transaction a sale rather than an exchange.

¶11        In *Fain*, our supreme court analyzed whether a transaction labeled as an exchange of state trust land for private land was a sale of state trust lands under article 10, § 3 of the Arizona Constitution.  The court first defined "exchange" as "a 'reciprocal transfer of property for other property of value, rather than for a money consideration'" and stated that  "the term 'exchange' may be construed to be a form of sale."  163 Ariz. at 591, 790 P.2d at 246, *quoting* 30 Am. Jur. 2d *Exchange of Property* § 1, at 363 (2d ed. 1967). The court then held that the key distinction between a sale and an exchange is that "an exchange occurs only if no value is assigned to either of the exchanged properties."  *Id.* Finding that the constitution required the state to obtain a "definite value by appraisal and . . . a consideration at least equal to that amount" before disposing of its lands, the court concluded that the land department could not validly exchange the state trust lands because such an "exchange" would effectively be a sale, and under the pertinent law, state trust lands could only be sold at auction to the highest bidder.  *Id.* at 592, 597-98, 790 P.2d at 247, 252-53.

**¶12** As the trial court noted, however, *Fain* did not address the scope and interaction of §§ 28-7203 and 28-7204. And the Mackeys have not identified any constitutional provision that applies to the transaction here. Accordingly, *Fain* is not dispositive. Instead, whether the existence of definite property values and "boot," i.e., the $44,000 overage, requires that the transaction be considered a sale rather than an exchange under the applicable statutes is a question of legislative intent. In determining legislative intent, we first look to the language of the statute itself. *Martineau v. Maricopa County*, 207 Ariz. 332, ¶ 9, 86 P.3d 912, 914 (App. 2004). If that produces any ambiguity, we then examine the purpose, history, context of the statute at issue, and any relevant, similar statutes. *See Hayes v. Continental Ins. Co.*, 178 Ariz. 264, 268-69, 872 P.2d 668, 672-73 (1994).

**¶13** Section 28-7203 provides that a governing body may exchange a part of a roadway under certain circumstances, without specifically requiring notice or appraisal. *See also* A.R.S. § 28-7211. Section 28-7204 provides that a governing body may sell a part of a roadway, but requires notice and grants a preference in the sale to abutting land owners. Therefore, despite the *Fain* court's statement that an exchange is a form of sale, in these statutes, the legislature has clearly distinguished an exchange from a sale, assigning fewer procedural requirements to the former. But we must still determine whether the legislature intended § 28-7203 exchanges to include transactions in which real estate parcels of unequal appraised value are exchanged.

¶14     The purpose of § 28-7203 appears to be to allow a streamlined procedure for a governing body to transfer roadway land to an abutting landowner and to receive in return land needed for a new public roadway. Because the statute does not include the notice and preference provisions of § 28-7204, the legislature apparently concluded that the protective provisions were unnecessary for an exchange with an abutting landowner. But the legislature could have intended to limit that streamlined procedure to the type of "pure" exchange, i.e., one without any appraised property values, defined in *Fain*. Neither the specific chapter governing the disposition of public roadways nor the general definition section of the Arizona Revised Statutes, *see* A.R.S. § 1-215, defines exchange. Therefore, after considering the language of the statutes and their purpose, the legislative intent remains unclear.

¶15     Other statutes pertaining to similar issues provide some insight into the legislative intent. Section 37-603, A.R.S., which prescribes the "method of exchange" for public lands, provides:

> The exchange [between governing bodies] shall be conducted without formalities, advertisements for bids or considerations of other offers by other persons, but the value of the respective parcels of land being so exchanged shall be substantially the same as determined by an appraisal to be made by a qualified appraiser to be appointed by the governing body of the county, city, town, or school district having control of the land to be exchanged, provided that in the event the value of the respective parcels of land are not substantially equal, the exchange may be made on payment by the governing body, owning the less valuable parcel of land, to the other governing body of an amount in cash substantially the same as the difference in value of the parcels of land.

8

Similarly, § 37-609, A.R.S., addresses exchanges of sovereign land. Subsection B prohibits the exchange unless certain conditions are met, including:

> The fair market value of the sovereign land of this state that is included in the proposed exchange is greater than the fair market value of the other land that is included in the proposed exchange and this state will be compensated for the difference in value with a cash payment to the department from the other party in the exchange.

¶16 In these two statutes, the legislature explicitly labeled the transaction an exchange despite also explicitly requiring the real property to be appraised and permitting a cash payment to equalize the value of the parcels. Therefore, we must reject the Mackeys' contention, based on *Fain*, that the appraisal of the property and the transfer of any additional consideration, as a matter of law, rendered the transaction a sale.

¶17 Additionally, other statutes, applying to different types of exchanges, explicitly require that the parcels exchanged have substantially equivalent value. *See, e.g.*, A.R.S. §§ 9-407, 37-615. Thus, when the legislature intends that exchanges be limited to parcels of real property having substantially equal value, it has said so. Section 28-7203 does not require that the parcels of real property be of substantially equivalent value.

¶18 Having examined the language, purpose, and context of §§ 28-7203 and 28-7204, *see Hayes; Martineau*, we conclude that the legislature did not intend to require that an exchange for roadway purposes under § 28-7203 be limited to parcels of substantially equivalent value or to those transactions in which no monetary value for the properties has

9

been set.[3] Notwithstanding *Fain*, therefore, we agree with the trial court that the transaction here was an exchange under § 28-7203. The City therefore had no obligation to post notices or otherwise inform adjoining landowners of the impending transaction, and the trial court correctly denied the Mackeys their requested special action relief.[4]

**¶19**		Our holding today furthers the legislative purpose of allowing the City to use an expedited procedure for the limited purpose of exchanging roadway property with abutting owners. It also avoids penalizing the City for prudently having had the property valued and receiving additional consideration for its more valuable land. In our discretion, both parties' request for attorney fees are denied.

**¶20**		Affirmed.

_____
JOSEPH W. HOWARD, Presiding Judge

CONCURRING:


_____
JOHN PELANDER, Chief Judge


_____

[3]The Mackeys have not presented any evidence on the value of the parcels or argued that the labeling of the transaction as an exchange was a subterfuge, with the $44,000 overage being the true substance of the transaction.

[4]In light of this conclusion, we do not address whether the City's action was, in fact, a matter of solely local concern, exempting it from the state statutes altogether.

_____
M. JAN FLÓREZ, Judge